EASTERN DIS.
*May*, 1841.

OLIVIER,
CURATOR, &c.
*vs.*
CANNON.

**OLIVIER, Curator, &c. *vs.* CANNON.**

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW ORLEANS.

In actions of tort which from the nature of the demand, damages are to be assessed, a jury must be summoned to find the same. The court alone cannot assess damages in such cases.

This is an action to recover an old slave, horse and dray, valued in the inventory at $331, and damages for the tortious taking and illegal detention of the same. The plaintiff alleges the defendant took said property and detains it without any reason or title whatever, which belongs to the estate he administers. He prays judgment, restoring the possession of the property, and 500 dollars in damages; and that in the mean time the slave, horse and dray be sequestered.

There was a judgment by default, made final, restoring the possession, and allowing $25 per month for the time of the slave from the 6th May, 1839, until delivery. Judgment signed June 8th, 1839. The defendant appealed.

*Grandmont,* for the plaintiff, urged the affirmance of the judgment with costs and damages.

*Eggleston,* for the appellant, assigned as error that damages were assessed without the intervention of a jury, and for this reason alone judgment must be reversed; *Code of Pr. art.* 313.

2. Damages could only be given from the date of citation on the 8th May, and ceased to run from the time of rendering judgment.—2 La. Rep. 404; 1 Martin, N. S. 574; 1 Gallison 315.

3. A judgment cannot be rendered for any matter *posterior* to its rendition; 5 La. Rep. 225.

4. The judgment is unconstitutional for not assigning reasons, and referring to the law.

*Martin, J.* delivered the opinion of the court.

The defendant is appellant from a judgment by default, on a

charge of his having tortiously taken and detained a slave, horse and dray, belonging to the plaintiff. He assigns as error apparent on the face of the record, that the damages claimed were assessed by the court without the intervention of a jury.

It appears to us that this assignment of error must prevail. The action is instituted for a *tort*, and the Code of Practice requires, "that whenever from the nature of the demand, *damages are to be assessed*, the court will direct a jury to be summoned to find the same, in the same manner as if the defendant had answered."—*Art.* 313.

It is therefore ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, so far as relates to the question of damages;—and that the case be remanded for further proceedings according to law :— but in all other respects affirmed ;—the plaintiff and appellee paying the costs of the appeal.

In actions of tort, which from the nature of the demand, damages are to be assessed, a jury must be summoned to find the same. The court alone cannot assess damages in such cases.