PIERRE ALEXANDRE GUILLOTTE *v.* WILLIAM E. THOMPSON.

Damages cannot be assessed without the intervention of a jury. Art. 313, of the Code of Practice, which requires, when damages are to be assessed in confirming a judgment by default, that a jury shall be summoned to find them, as if the defendant had answered, and that the judgment shall be in conformity with their verdict, is not repealed by the 17th section of the act of 10 February, 1841, chap. 16, which provides, that the prayer for a trial by jury in any case before the District, Parish, or Commercial Courts of New Orleans, shall be disregarded, and the case tried by a jury, unless the party shall have advanced the compensation allowed to the jurors, in those courts, on filing his petition or answer praying for such trial.

APPEAL from the District Court of the First District, *Buchanan*, J.

MORPHY, J.   The defendant has appealed from a judgment by default, made final in a possessory action, wherein the petitioner claimed damages for the disturbance.   He assigns as error apparent on the face of the record, that the damages demanded were assessed by the court without the intervention of a jury.   In treating of the confirmation of judgments rendered by default, the Code of Practice provides, art. 313, that, " when from the nature of the demand, *damages are to be assessed*, the court will direct a jury to be summoned to find the same, in the same manner as if the defendant had answered, and the court will give their judgment in conformity with the verdict of the jury."   It has occurred to us, that perhaps this article of the code was repealed by the 17th section of the act approved on the 10th of February, 1841, which provides, that the prayer for a jury shall be disregarded, and the case tried by the court, whenever the party making such prayer shall fail to advance, on filing his petition, or answer, the compensation therein allowed to jurors, and to be charged among the costs, (acts of 1841, p. 17*) ; but, the two laws are not so in-

---

* This act provides :

Section 17. That the jurors serving in the District, Parish, and Commercial Courts sitting in the city of New Orleans, shall be entitled to a compensation of one dollar each, for every case in which they find a verdict, to be charged among the costs, but *to*

consistent as to make it our duty to consider the one as repealed by the other. We understand the article of the code to mean, that a jury is to be summoned by the court, whether asked for, or not, by the plaintiff. The co-operation of a jury seems to have been intended as a protection for the absent party, against whom damages were to be assessed. In the absence of an express provision to that effect, we do not feel authorized to treat it as repealed. *Olivier* v. *Cannon*, 18 La. 474.

It is therefore ordered, that the judgment of the District Court be reversed, so far as relates to the question of damages, and that the case be remanded for further proceedings according to law ; but that it be, in all other respects, affirmed. The plaintiff and appellee paying the costs of this appeal.

*Barthe* and *Buisson,* for the plaintiff.

*C. M. Jones,* for the appellant.

---

be advanced by the party when he files his petition or answer praying for a trial by jury, otherwise, said prayer shall be disregarded, and the case tried by the court ; and the cases now pending in which a trial by jury is asked for, shall be stricken from the jury docket, unless the compensation to be allowed to jurors is advanced by the party demanding a trial by jury.