SARAH W. LILES *v.* THE NEW ORLEANS CANAL AND BANK-
ING COMPANY.

Damages can be assessed only by a jury; and in suits before the District Court of
the First District, or the Parish, or Commercial Courts of New Orleans, the plain-
tiff must advance the compensation allowed to the jurors by the 17th sect. of the
act of 10 February, 1841, where the defendant has not done so.  C. P. 313.

In an action to recover a promissory note, or the amount for which it was made, with
damages for its detention, the note was sequestered and delivered to the plaintiff
on her giving bond to return it, in case it should be decreed to belong to the de-
fendants.  Judgment having been rendered in favor of the plaintiff for the note and
damages, the defendants appealed from so much of the judgment only as related to
the damages, and gave bond for a suspensive appeal in a sum fixed with reference to
that part of the judgment.  *Held,* that the acquiescence in the part of the judgment
not appealed from, was not such a voluntary execution of the decree, as to prevent
an appeal from so much of it as assessed damages.

APPEAL from the District Court of the First District, *Bu-
chanan,* J.   The plaintiffs sued to recover a note in the possession
of the defendants, or its amount, with damages for its detention.
The note was sequestered, and delivered to the plaintiff by the
Sheriff, on his executing a bond, with security, to restore it in
case it should be decreed to belong to the defendants, and to
satisfy such judgment as might be rendered in the suit.   Judg-
ment was rendered by the court, without the intervention of a
jury, ordering the note to be delivered to the plaintiff, or, in de-
fault thereof, condemning the defendants to pay its amount, with
interest, and a sum of $500 as damages.   A suspensive appeal
was allowed, on the defendants giving a bond in the sum of
$800.   It was admitted that the note was in the possession of the
plaintiff, and that the appeal was not taken from the part of the
judgment relating to the note, but only from so much of it as
awarded damages.

*Chinn,* for the plaintiff.

*F. B. Conrad,* for the appellants.

MARTIN, J.   The defendants and appellants urge as a rea-
son for the reversal of the judgment, an error apparent on the
face of the record, to wit; that a judgment by default was con-
firmed, and damages given against them by the court, without

the intervention of a jury. They rely on the 313th article of the Code of Practice, and 18 La. 474. The plaintiff and appellee admits that those authorities were conclusive before the late act of Assembly, which requires the party who wishes for a jury, to deposit the sum of twelve dollars. To this the opposite counsel has, in our opinion, victoriously replied, that the plaintiff was the party who had an interest in calling for a jury, for without it, the court could not legally give damages to her. She, therefore, ought to have made the deposit.

The plaintiff's counsel has further urged, that the defendants have voluntarily executed part of the judgment, and cannot appeal for the balance. The plaintiff claimed as her property, a note in the possession of the defendants. She had it sequestered, and it was finally delivered to her. She afterwards proceeded in her suit for the damages resulting from the improper detention of the note. They were, as we have seen, allowed her, and the defendants sought to be relieved by a partial appeal. This, in our opinion, is correct.

It is, therefore, ordered and decreed, that the judgment be annulled and reversed, so far as the confirmation of the judgment by default gives damages; and that the case be remanded for further proceedings according to law; the costs of the appeal to be borne by the plaintiff and appellee.