actly like that which was annulled in State v. White (No. 26073) 97 South. 849,[1] decided to-day. For the reasons given in that case, the judgment in this case is affirmed.

---

(97 South. 850)

No. 26075.

## STATE v. MITCHELL.

(Oct. 22, 1923.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Lutecia Mitchell was charged with unlawful possession of stolen property. From a judgment quashing the indictment, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

Kennedy & Roos, of La Fayette, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The state has appealed from a judgment quashing an indictment exactly like that which was annulled in State v. White (No. 26073) 97 South. 849,[1] decided to-day. For the reasons given in that case, the judgment in this case is affirmed.

---

(97 South. 850)

No. 26076.

## STATE v. MITCHELL.

(Oct. 22, 1923.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Lutecia Mitchell was charged with unlawful possession of stolen property. From a judgment quashing the indictment, the State appeals. Affirmed.

[1] Ante, p. 528.

A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

Kennedy & Roos, of La Fayette, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The state has appealed from a judgment quashing an indictment exactly like that which was annulled in. State v. White (No. 26073) 97 South. 849,[1] decided to-day. For the reasons given in that case, the judgment in this case is affirmed.

---

(97 South. 850)

No. 25441.

## ZWIKEL v. ZWIKEL.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⟨key⟩484—**Effect of suspensive appeal stated.**

The effect of a suspensive appeal from a judgment is to prevent its becoming effective or executory while the appeal is pending, and, as long as it remains in the power of the court to reverse or amend a judgment, appellant may forfeit his right of appeal, or plaintiff may loose or forfeit his right of action.

2. **Divorce** ⟨key⟩186—**Judgment of divorce set aside and case remanded where pending appeal parties resumed cohabitation.**

Where pending an appeal by the wife from a judgment of absolute divorce granted the husband the parties lived together for six weeks, the judgment will be set aside and the case remanded to take testimony on the question of cohabitation and reconciliation, in view of Civ. Code, arts. 152, 154, under which an action for divorce or separation is extinguished by reconciliation, even after action commenced, and Act No. 49, of 1871, amending Code Prac. art. 573, by declaring that an appeal which shall operate as suspensive appeal from a judgment of divorce may be taken within 30 days.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

[1] Ante, p. 528.

Suit for divorce by Leon George Zwikel against Guadalupe Ponce Zwikel. Judgment for plaintiff, and defendant appeals. On motion to remand. Judgment set aside, and case remanded.

Florence Loeber, of New Orleans, for appellant.

H. W. Kaiser, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

### On Motion to Remand.

O'NIELL, C. J. This is a divorce suit, founded upon Act 269 of 1916, declaring that either party to a marriage may sue for a divorce if the spouses have lived separate and apart for seven years. Plaintiff alleged that his wife had abandoned him on the 19th of February, 1915, and that they had been living separate and apart ever since. The suit was filed on the 23d of February, 1922, only four days after the alleged seven years of living apart.

In her answer to the suit, the defendant denied that she had abandoned her husband. She averred, on the contrary, that, on or about the 19th of February, 1915, her husband cruelly, and without provocation or cause, struck her in the face, dragged her out of the house, shoved her into the street, and forbade her to return; that he afterwards sued her for a separation from bed and board, on the ground of abandonment, and that, after hearing evidence the court dismissed his suit. She averred that, although she was ill and unable to work, her husband refused to shelter or care for her or to furnish her even the necessities of life, until he was compelled, through the district attorney's office, to pay her $14 a week to prevent her being a burden upon the community. She prayed that her husband's demand for an absolute divorce should be rejected, and that she, as plaintiff in reconvention, should have a judgment of separation from bed and board for the causes alleged and that she should have alimony.

On motion of plaintiff's attorney, the court gave judgment on the pleadings, rejecting the defendant's reconventional demand, and granting plaintiff an absolute divorce. The defendant promptly appealed.

She has filed a petition in this court, averring that, since the appeal was taken, she and her husband have become reconciled and have been living together for six weeks; hence she prays that the case be remanded to the civil district court to be there dismissed.

Answering the motion to remand, plaintiff admits that he and his wife have lived together and cohabited for a period of six weeks, while his suit was pending on appeal, but he denies that there was a reconciliation, averring that, at the end of the six weeks, he again quit living with his wife. He argues that articles 152 and 154 of the Civil Code, declaring that "an action" for divorce or for separation from bed and board "shall be extinguished by the reconciliation of the parties," even "after the action has been commenced," does not apply to a case pending on appeal.

[1] The effect of a suspensive appeal from a judgment is to prevent its becoming effective or executory while the appeal is pending. As long as it remains thus in the power of the court to reverse or amend a judgment, the appellant may forfeit his right of appeal, or the plaintiff may lose or forfeit his right of action. That is particularly true in divorce suits, not only because of articles 152 and 154 of the Civil Code, but because of the Act 49 of 1871, p. 151, amending article 573 of the Code of Practice, by declaring that an appeal, which "shall operate as a suspensive appeal," from a judgment of divorce may be taken at any time within 30 days (not including Sundays) after the sign-

ing of the judgment, and that there shall be no such thing as a devolutive appeal from a judgment of divorce.

[2] By the exact terms of articles 152 and 154 of the Civil Code, a reconciliation between an estranged husband and wife has the effect, as well after as before the institution of a suit for divorce, of destroying the complainant's right of action. These articles of the Code do not, in terms or by implication, make a distinction between a case pending in the court of original jurisdiction and one pending on appeal. And there is no reason why we should not apply to an appeal from a judgment of divorce the same rule, in that respect, that we apply to other suspensive appeals in civil suits. Although marriage is said to be only a civil contract (Rev. Civ. Code, art. 86), it is in fact a status, in which society is concerned, for which reason divorces are not favored.

The plaintiff, appellee, in his answer to the motion to remand this case, has virtually admitted that there has been a reconciliation between him and his wife, and an interruption of their living separate and apart. His denial that the reunion and cohabitation for the period of six weeks was a reconciliation may be only an expression of opinion of the meaning of the word as it is used in the Code. It may well be inferred that during the six weeks of living together the plaintiff and defendant intended that this suit should be dismissed. That is more likely than that they intended then that the judgment of divorce should be affirmed, and that they would be remarried. Be all of that as it may, we have concluded that it is better that we should merely set aside the judgment and remand the case to the civil district court to hear evidence on the matter of cohabitation and reconciliation, than that we should now dismiss the suit on the admissions made in plaintiff's answer to the motion to remand. The district court will either dismiss the suit or give another judgment of divorce, according to the evidence. We express no opinion upon the question whether plaintiff was entitled to a judgment of divorce upon the pleadings, the case being before us only on the motion to remand, and the answer thereto.

The judgment appealed from is set aside and it is ordered that this case be remanded to the civil district court (division A) for further proceedings consistent with the foregoing opinion. The matter of court costs is to depend upon the final judgment.