162 So. 760

**SHIPP v. SHIPP.**

No. 33426.

July 1, 1935.

See, also, 180 La. 881, 158 So. 5.

Sholars & Gunby, of Monroe, for appellant.

Thompson & Thompson, of Monroe, and Taylor, Porter & Brooks, of Baton Rouge, for appellee.

ODOM, Justice.

Plaintiff obtained a judgment of divorce against her husband on January 18, 1935. Motion for new trial was filed by defendant on January 21, and was overruled on March 25. The minutes of the court on that date, in so far as they pertain to the question now before us, read as follows:

"An application for rehearing coming up for trial, taken up and tried, application overruled. Defendant asks for an order of appeal, appeal granted to Honorable Supreme Court at New Orleans, Louisiana, returnable on or before May 1, 1935. Suspensive appeal bond fixed at $2,500.00. Devolutive appeal bond fixed at $500.00."

An appeal bond for $500 was filed on April 2, and the transcript was lodged in this court on April 30. On May 3, appel-

lee filed a motion in this court to dismiss the appeal on the ground:

"That the appellant has failed, neglected and refused to file an appeal bond in the penal sum of Twenty-five Hundred ($2,-500.00) Dollars as required by said order of appeal for a suspensive appeal, and that the appellant is attempting to take devolutive appeal from a judgment by filing a bond for Five Hundred ($500.00) Dollars, the penal amount for a devolutive bond, that a devolutive appeal is not permitted under the laws of this State and therefore no appeal has been perfected herein."

It is true, as counsel say, that a devolutive appeal from a judgment of divorce is not permitted under the laws of this state. Zwikel v. Zwikel, 154 La. 532, 97 So. 850.

But counsel are in error when they say that the appeal bond of $500 filed by appellant on April 2, 1935, did not suspend the execution of the judgment of divorce. Article 573 of the Code of Practice, as amended by Act No. 49 of 1871, provides that whoever intends to appeal may do so either by petition or motion in open court at the same term at which the judgment was rendered, upon offering to give such security as the court may direct "as hereafter provided," and article 575, as amended by Act No. 289 of 1926, provides that if the appeal is taken within ten days, it shall stay execution and all

further proceedings until definite judgment shall be rendered on appeal, after appellant gives his obligation with sufficient surety for a sum exceeding by one-half the amount for which the judgment was rendered. The latter article is the one which authorizes suspensive appeals from money judgments. Article 576 of the Code provides that if the judgment decree the delivery of some movable of perishable nature, the appellant must furnish bond in an amount exceeding by one-half the estimated value of such movable, and under article 577, if the judgment decree the delivery of real estate, the bond required is for an amount exceeding by one-half "the estimative value of the revenue to be derived from such real estate, pending the suit, and for such further amount as the judge may determine as surety for an injury, or deterioration which may be caused to the estate by the appellant, while in possession of the same." In each of such cases the bond given within ten days for the amounts stated suspends the execution of the judgment.

But these articles of the Code have no application to judgments of divorce, which judgments are suspended by the perfection of any appeal, whether the appeal be denominated as suspensive or devolutive, and appeals from such judgments do not have to be perfected within ten days as do other suspensive appeals. Such appeals and their effect are specially provided for by article 573 of the Code of Practice and Act No. 24 of 1930.

Article 573 of the Code, after stating that whoever intends to appeal shall do so at the same term at which the judgment was rendered, says further:

"But in cases where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, *and shall operate as a suspensive appeal therefrom,* and there shall be no devolutive appeal allowed thereafter." (Italics ours.)

This article makes it perfectly plain that any appeal perfected within thirty days operates as a suspensive appeal from the judgment, whether it is called a suspensive or a devolutive appeal. Act No. 24 of 1930 is even more clear, for that is precisely what it says. Section 1 of that act reads as follows:

"That no appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date, but *any* appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of." (Italics ours.)

Counsel for appellee cite the case of State ex rel. Ella Smith v. Judge, 29 La. Ann. 838, in support of their contention that appellant, having given bond for only $500, which was fixed by the court as the amount for the devolutive appeal, instead of making bond for $2,500, fixed as the amount for the suspensive appeal bond, renounced his right to a suspensive appeal from the judgment of divorce. This case and others like it support the general proposition that one who applies for a suspensive and a devolutive appeal in the alternative and elects to take the devolutive appeal and gives the bond fixed by the court for that appeal, forfeits his right to a suspensive appeal. But such cases have no application to appeals from judgments of divorce, which are governed by special laws and not general laws relating to suspensive appeals from money judgments and judgments ordering the delivery of personal property or real estate, which produces revenue.

The reason, no doubt, why the trial judge granted a suspensive appeal from the judgment rendered and fixed the amount of bond therefor was that the judgment not only granted plaintiff a divorce, but further ordered a partition of the community property, ordered defendant to pay plaintiff alimony at $150 per month, and ordered him to pay attorney's fees incurred by plaintiff amounting to $750.

The defendant not having appealed suspensively from the judgment, it is executory in all respects except as to the judgment of divorce.

The motion to dismiss the appeal is overruled.