The question involved therein was a defective or incomplete transcript.

Motion sustained. Appeal dismissed at appellants' cost.

5 So.2d 335

**EIERMANN v. MODENBACH.**
No. 36381.
Dec. 1, 1941.

Paul B. Habans and Willis C. McDonald, both of New Orleans, for appellant.

B. P. Landry and P. M. Flanagan, both of New Orleans, for appellee.

HIGGINS, Justice.

The plaintiff and appellee moved to dismiss the appeal on the ground that the defendant and appellant had obtained only a devolutive appeal and, therefore, all parts of the judgment, with the exception of that part granting the divorce, were final, and as the defendant wife had failed to urge any defense against the husband obtaining the divorce there was nothing before the court to consider.

It appears that the husband instituted divorce proceedings against his wife on the grounds that he had been living separate and apart from her for more than two years and alleged that she was at fault in causing the separation. The wife filed an answer in which she averred that two years had not elapsed since the separation began and, thereupon, the plaintiff dismissed his suit.

On February 1, 1941, plaintiff instituted this suit upon the same ground and was required by the court to furnish funds for court costs, in order that the defendant might make her defense. The defendant's attorney withdrew from the case and before the new attorney could answer the suit, a preliminary default was entered on February 28, 1941, and confirmed on April 29, 1941, granting an absolute divorce in favor of the plaintiff, dissolving the community of acquêts and gains, ordering a partition thereof, and decreeing the wife to be at fault in causing the separation.

On May 1, 1941, before the judgment was signed, the defendant filed a motion for a new trial and the trial judge set a rule for May 9th, to show cause why the judgment of April 29th should not be set aside and the defendant given five days within which to file her answer. On May 9th, the court ordered a new trial and granted defendant five days within which to file her answer. On the fifth day, her attorney endeavored to file an answer, but the clerk, who had in his charge the deposit in the registry of the court, in order that the cost of defending the suit could be paid by the defendant, was absent throughout the day and the answer could not be or, at least, was not filed. . But it was filed on the sixth day (May 16, 1941) at 11 o'clock a.m.

It appears that neither the attorney nor the judge of the district court was apprised of the filing of the answer on May 16th, and, on the same day, having been informed that the defendant had failed to file an answer, the district judge signed the judgment after 11 o'clock a.m., based upon the testimony taken when the default was confirmed on April 29, 1941.

On May 27th, the defendant applied to the district court for a devolutive appeal and the proper order was entered granting the appeal returnable to this court. On June 9th, she filed the bond required by the court and timely lodged the transcript here.

In the case of Shipp v. Shipp, 182 La. 1019, 162 So. 760, 761, the plaintiff husband sought to dismiss the defendant wife's appeal and the court, in overruling the motion, stated:

"But these articles of the Code have no application to judgments of divorce, which judgments are suspended by the perfection of any appeal, whether the appeal be denominated as suspensive or devolutive, and appeals from such judgments do not have to be perfected within ten days as do other suspensive appeals. Such appeals and their effect are specially provided for by article 573 of the Code of Practice and Act No. 24 of 1930.

"Article 573 of the Code, after stating that whoever intends to appeal shall do so at the same term at which the judgment was rendered, says further:

"'But in cases where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, *and shall operate as a suspensive appeal therefrom,* and there shall be no devolutive appeal allowed thereafter.' (Italics ours.)

"This article makes it perfectly plain that any appeal perfected within thirty days operates as a suspensive appeal from the judgment, whether it is called a suspensive or a devolutive appeal. Act No. 24 of 1930 is even more clear, for that is precisely what it says. Section 1 of that act reads as follows:

"'That no appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date, but any appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of.'"

See, also, Zwikel v. Zwikel, 154 La. 532, 97 So. 850.

It is obvious that, as the judgment was signed on May 16th and the motion for the appeal was filed and the order granting it was signed on May 27th, and the appeal bond having been furnished on June 9th, the defendant timely applied for and obtained the appeal within the thirty-day period allowed her by law.

The judgment in the instant case is one and only one judgment. The first paragraph thereof decrees the divorce between the parties; the second, adjudges the wife to be at fault in causing the separation; and, the third, declares that they are owners, in community, of real estate, that the community of acquêts and gains is

dissolved and that a partition of the property by licitation be made.

As the wife was entitled to thirty days within which to apply for a suspensive appeal and perfected her appeal within that time, even if it be said that only that part of the decree granting the divorce would be suspended by the appeal, it is difficult to understand how there could be a dissolution of the community of acquêts and gains and a partition of the community property herein as long as the judgment of divorce is not final, because the community of acquêts and gains is not dissolved until the judgment of divorce is final.

With reference to that part of the decree which holds that the wife was at fault in causing the separation, it is sufficient to say that as long as the judgment of the lower court is not final, due to the suspensive appeal, the defendant is, in legal contemplation, still the wife of the plaintiff.

The defendant, in her answer, denied the allegations of the plaintiff's petition that the parties had lived separate and apart for a continuous period of two years, and she also denied that she was at fault in causing the separation, and averred that her husband was solely to blame because of an affair with another woman.

It is clear from what we have said that the judgment of the district court is not executory because a suspensive appeal was properly perfected. It is also apparent that the defendant has a right to have the correctness of the judgment of the district court determined on appeal.

For the reasons assigned, the motion to dismiss the appeal is overruled.