7 So.2d 604

## EIERMANN v. EIERMANN.

### No. 36381.

March 30, 1942.

B. P. Landry and P. M. Flanagan, both of New Orleans, for plaintiff-appellee.

Paul B. Habans and Willis C. McDonald, both of New Orleans, for defendant-appellant.

FOURNET, Justice.

The defendant is appealing from a judgment of the district court granting to the plaintiff an absolute divorce on the ground of two years separation, in which judgment the defendant was decreed to have been at fault in the separation and a partition of the community property was ordered.

This case was before us previously when we overruled the motion to dismiss the appeal taken by the defendant (Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335), and is now before us for consideration on the merits.

The facts of the case, as revealed by the record, are that Charles Jefferson Eiermann filed suit against his wife, Louise Modenbach (or Modenbacher) Eiermann, on February 1, 1941, for an absolute divorce, on the ground that they had been living separate and apart for a period of two years. He asked that his wife be decreed at fault in the separation and that a partition of the community property be ordered. On February 28 following, no answer or other pleading having been filed, a preliminary default was taken by the plaintiff. Two months later, on April 29, 1941, still no answer or other pleading having been filed, the default was confirmed. However, before the judgment confirming the default was signed, the defendant, on May 1, filed a motion for a new trial—based on the ground that her attorney, whom she had only recently employed, had not had sufficient time to ascertain the true facts of the case and prepare her defense—and asked that the judgment be set aside in order that she be permitted to properly enter her defense to the charge that she had been at fault in the separation. The trial judge granted the new trial on May 9, 1941, but restricted the same to the issue of who was at fault, giving the defendant five days within which to file her answer. On May 16 following, the trial judge signed the judgment granting the plaintiff an absolute divorce, decreeing that the separation was due to the fault of the defendant, his wife, and ordered that the community between them be partitioned, upon plaintiff's motion suggesting to the court that more than five days had elapsed since the judicial order of May 9, and no answer or other pleadings had been filed by the defendant. The defendant appealed from that judgment on May 27, 1941, alleging that the judgment was without effect, for the reason that at the time it was signed, an answer had been previously filed with the clerk of court at 11 o'clock on the same day, which fact is borne out by the record.

It is only when no answer or other pleading has been filed by the defendant that a plaintiff is authorized to obtain a judgment by default (Articles 310, 311, and 312 of the Code of Practice), and "If the defendant, on the very day when a definitive judgment by default was to have been rendered against him, appear and file his answer, the first judgment [the preliminary judgment by default authorized under Article 310 of the Code of Practice] taken shall be set aside." Article 314 of the Code of Practice. (Brackets ours.)

It is our opinion, therefore, that the judgment appealed from was improvidently granted, and the case will have to be remanded to the lower court for trial.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the lower court is annulled and set aside, and the case is remanded to the lower court for trial. All costs in the lower court and on this appeal to be borne by the community, all future costs to await the final determination of the case.