LeBLANC, Justice.
 

 On July 12, 1949, judgment was rendered in the Civil District Court for the Parish of Orleans, Division “E”, in favor of the plaintiff, Claude W. Schneider, and against the defendant, Mrs. Louise Manion, his wife, decreeing a divorce “a vinculo matrimonii” between them. The judgment was signed on July 18, 1949 and on August 11, 1949, on motion of defendant, she was granted a suspensive appeal returnable to this Court on October 7, 1949, upon her furnishing bond, according to law, in 'the sum of Three Hundred Dollars. Defendant filed an appeal bond on August 24, 1949 which plaintiff, appellee, contends was beyond the time prescribed by law and he now moves to dismiss the appeal.
 

 The procedure for taking an appeal is pointed out in Article 573 of the Code of Practice which provides that the party intending to appeal may do- so either by petition or by motion in open court, at the same term at which the judgment was rendered, “upon offering to give such surety as the court may direct, as hereafter provided.” Subsequent Articles prescribe the duties of the judge in stating the amount of the surety to be given by the appellant and in fixing the return day. Article 575 then provides that “if the appeal has been taken within ten days, not including Sundays, * * * it shall stay execution * * * ; provided the appellant gives his obligation, with good and solvent security, * *
 

 By Act No. 49 of 1871, Article 573 of the Code of Practice was amended in order to regulate the taking of appeals in divorce cases and the article was then made to provide further as follows: “But in cases where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, and shall operate as a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter.” In this connection it may be well to refer also to Act No. 24 of 1930, which provides “that no appeal shall lie from any final judgment of separation from bed and board .or of divorce after thirty days from its date, but any appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of.”
 

 From the foregoing provisions of our law on the subject it is made to appear that in ordinary cases, a suspensive appeal must be taken within ten days, not including Sundays, from the effective date of the judgment and execution will be stayed
 
 *125
 
 until definitive judgment on appeal, “provided the appellant gives his obligation, with good and solvent security”, and that in ■cases of divorce the appeal must be taken within thirty days, not including Sundays, after signing of the judgment and further that in divorce cases no devolutive appeal will be allowed after the thirty days referred to.
 

 Reverting now to the dates which have •to determine the fate of the appeal in this case, v/e find that the thirty days began to run on July 19, 1949, and, excluding Sundays, they, expired on August 22, 1949. Defendant filed her appeal bond on August 24, 1949, and consequently she was two days late in filing it.
 

 It is urged however, that by the terms of Article 573 of the Code of Practice, in so far as they relate to appeals in divorce cases, the mere filing of a petition or motion for the appeal shall operate as a suspensive appeal and it is further argued that a bond is not required for the reason that there is no property or thing to be bonded, the only issue being that with respect to the marital status of the parties.
 

 It is difficult to think of a suspensive appeal without an appeal bond. Indeed, Article 573 of the Code of Practice, in providing the method of taking an appeal makes it a condition precedent that the applicant shall “offer to give such surety as the court may direct” and “as hereafter provided.” Thereafter, Article 575 definitely prescribes what the terms and conditions and also the amount of his
 
 obligation
 
 shall be. That is the
 
 bond
 
 he shall be required to furnish. The amendment to Article 573 by Act No. 49 of 1871 had for its purpose the granting of a longer delay, in divorce cases, for taking and perfecting an appeal. If there ever was any doubt about the necessity of a bond to suspend the execution of a judgment in such cases, it was certainly removed by the enactment of Act No. 24 of 1930 which provides first, “that no appeal shall lie from any final judgment of separation from bed and board
 
 or of divorce
 
 after thirty days from its date,” and then states
 
 “but a/ny appeal perfected within that time
 
 shall suspend the execution of the judgment until the appeal shall have been finally disposed of.” (All emphasis supplied.) Obviously, from those provisions it follows that the mere petition or motion for appeal cannot operate as a suspensive appeal and thus suspend execution of the judgment, but there must be, in addition, a perfection of the appeal which is accomplished by the filing of the bond as directed by the Court in the order of appeal. This is made clear by the decision of this court in the case of Lafayette v. Farr, 162 La. 385, 110 So. 624 wherein it is stated that: “The obtaining of an order of appeal within the time prescribed is not availing without the bond required by the order of appeal. It is not necessary that the citation to answer the appeal shall be served within the time prescribed
 
 *127
 
 by law for taking an appeal, but the order of appeal, being subject to the condition that the appellant shall furnish a bond for the amount either fixed in the order or required by law, remains in abeyance and without effect until the bond is filed. Therefore an appeal is not deemed taken within the time prescribed by law for taking an appeal unless the bond required by the order of appeal is filed within the time prescribed.”
 

 It is true that in that case the Court was considering a devolutive appeal in a case other than a divorce proceeding but the law as stated applies to all appeals, including those in divorce cases where only a suspensive appeal is allowed. In Shipp v. Shipp, 182 La. 1019, 162 So. 760, and Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335, cited by counsel for defendant, both divorce actions, the district court had mistakenly granted an order for a devolutive appeal and the appellant furnished bond within the thirty day period in the amount required by the order of Court. In both cases this Court entertained the appeal holding the bonds had the effect of suspending the judgments of divorce under the provisions of Article 573 of the Code of Practice and Act No. 24 of 1930, regardless of how the appeals, had been denominated in the order granting them. The decision in those cases sustain the proposition that the filing of a bond within the thirty day period is necessary to perfect an appeal which suspends the judgment in divorce cases.
 

 Counsel for defendant contend however that the bond in this case was filed in time because, in addition to the intervening Sundays within the thirty day period, there should also be excluded the intervening Saturdays since by the terms of Act No. 445 of 1948, Saturdays as well as Sundays are declared to be full holidays in the Parish of Orleans. Further they contend that by a stipulation which is made a part of the record, it was agreed that the case may be tried and disposed of during the vacation period of the district court and in case of any appeal, “same may be taken by motion as well as by petition within the delays and in the manner prescribed as if in term time, and that every day, except Saturdays, Sundays and Legal Holidays, shall be counted and considered as a judicial day.”
 

 Disregarding the stipulation referred to in considering this contention it may be appropriate to observe, in the first place, that Act No. 24 of 1930 which has to be read in connection with Article 573 of the Code of Practice, does not exclude even Sundays and, were the provisions of that law to be applied, it would follow that the appeal bond was not filed' until thirty-seven days after the judgment was signed which was seven days too late. If the provisions of the prior law, Act No. 49 of 1871, in which Sundays are excluded in computing the thirty days, apply, the filing of the bond was still too late, as heretofore pointed out. Act No. 445 of 1948 is merely an amendment to prior acts “designating and defining
 
 *129
 
 the days of public rest and legal holidays and half-holidays in this State,” and does not attempt to change any of the provisions of the Code of Practice or other laws regulating the matter of taking and of perfecting appeals.
 

 Regarding the stipulation relied on by counsel for defendant we look upon its purpose as being solely one to have the case tried and disposed of in the district court during its vacation period and facilitate the taking of an appeal by the party against whom judgment would be rendered. It was -not intended thereby to extend the time for perfecting any appeal. Even if that had been the intention, it would avail the defendant nothing because the law relating to the delay in taking and perfecting appeals is mandatory and cannot be abrogated by a stipulation entered into by counsel on both sides. In Untereiner v. Miller, 29 La.Ann. 435, the parties attempted to make such an agreement but the court refused to give it effect stating that the: “law is imperative, and it cannot be abrogated by the agreement of counsel to extend the delay for the taking of a suspensive appeal. No consent of parties can give this court jurisdiction or enlarge its powers. If, in any given case, ‘no appeal will lie’, whether because of the amount in dispute, or because the time limited for an appeal has expired, the appellate court has no jurisdiction, and every court is bound, ex-officio, to take notice of the want of jurisdiction patent on the face of the record, although the parties may be willing and may consent not to- raise the question.”
 

 This case is cited with approval in Lafayette v. Farr, supra, and also in the more recent case of Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144.
 

 After full and careful consideration of all the points involved we are convinced that the motion to- dismiss the appeal must prevail and for the reasons stated,
 

 It is now ordered that the appeal be and the same is hereby dismissed at appellant’s cost.