PONDER, Justice.
The defendant moves to dismiss the plaintiff’s appeal on the ground that under Article 573 of the Code of Practice, and Act No. 24 of 1930, the time for an appeal has expired.
The plaintiff, Mrs. Fernanda Cure Tobin, brought suit against the defendant seeking a divorce under the two year separation law, alleging in her petition that certain property belonged to the community. She asked that an inventory of the property be taken and the court order a partition and dissolution of the community of acquets and gains. Defendant, Peter Tobin, *721 answered and alleged in reconvention that the plaintiff was guilty of adultery; he accordingly asked for a divorce on the grounds of adultery.
The trial judge dismissed plaintiff’s suit and maintained defendant’s reconventional demand, awarding him an absolute divorce and decreed that certain property, which was fully described in plaintiff’s petition, was not community property, it having been disposed of prior to the suit by the defendant, and that said property now belonged to Mrs. Helen Tobin Griffin, daughter of plaintiff and defendant.
Plaintiff took a devolutive appeal, the thirty days from date of the judgment having elapsed, and the defendant filed a motion to dismiss the appeal on the ground that this is a judgment of divorce from which only a suspensive appeal will lie under Article 573 of the Code of Practice. Plaintiff concedes that she cannot prosecute a devolutive appeal from that part of the judgment granting the divorce, but she contends that she has a right to a devolutive appeal from that part of the judgment which affects the property.
In the opposition to the motion to dismiss, the plaintiff points out that she was not present and represented at the trial, that the defendant in his reconventional demand simply asked that his wife’s suit be dismissed, and that he be granted a divorce on the ground of adultery. She argues that the court was without authority to decree that the property in dispute was not community.
It is to be noted that the plaintiff was personally served but did not show up at the trial. The record shows that the trial had been continued several times before because plaintiff refused to appear, and she was notified that the trial would take place on the date set regardless of her presence or absence.- Aside from this, plaintiff in her original petition set out that the property in dispute was community and asked the court for a partition of same. Certainly she cannot now say that the court was without authority to pass upon the question of whether or not the property described formed part of the community.
Plaintiff, appellant, contends that a person may appeal from so much of a judgment as is prejudicial to him without complaining of the whole judgment, and cites the cases of Liles v. New Orleans Canal & Banking Co., 6 Rob. 273 and Planter’s Bank & Trust Co. v. Savant, 172 La. 464, 134 So. 394, and also Article 567 of the Code of Practice.
Defendant cites the cases of Shipp v. Shipp, 182 La. 1019, 162 So. 760 and Eiermann v. Modenbach, 198 La. 1062, 5 So.2d 335. From an examination of these cases it is obvious that neither one is applicable. In the Shipp case the appeal, although labeled, devolutive, was taken within the thirty day period and the appeal was from a judgment of divorce as well as from an *723 order to partition the community. The court held in the Shipp case that the appeal would be treated as a suspensive appeal since it was perfected within thirty days. Eiermann v. Modenbach was a similar situation, the appeal though labeled devolutive was perfected within the thirty day period and accordingly the motion to dismiss was denied.
Counsel for defendant points out the following language in the Shipp case, supra, to wit: “* * * But such cases have no application to appeals from judgments of divorce, which are governed by special laws and not general laws relating to suspensive appeals from money judgments and judgments ordering the delivery of personal property or real estate, which produces revenue.” [182 La. 1019, 162 So. 761]
Article 573 of the Code of Practice states: “ * * * But in cases where the judgment decrees a divorce, such a petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment, instead of ten days, and shall operate as a suspensive appeal therefrom, and there shall be no devolutive appeal allowed thereafter.”
Act No. 24 of 1930 in Section 1 provides that “no appeal shall lie from any final judgment of separation from bed and board or of divorce after thirty days from its date, but any appeal perfected within that time shall suspend the execution of the judgment until the appeal shall have been finally disposed of.”
It is true that under Article 573 of the Code of Practice and Act No. 24 of 1930, the petition or motion of appeal must be filed within thirty days, not including Sundays, after the signing of such judgment awarding a divorce and that such shall operate as a suspensive appeal from said judgment, there being no devolutive appeal allowed therefrom, but this court held in Cressione v. Millet, 212 La. 691, 33 So.2d 198, that an appeal from that part of a divorce judgment awarding the custody of a child, brought more than thirty days after judgment, was valid as a devolutive appeal, though not as a suspensive appeal. The court pointed out that “Although the order granting the appeal in this case was signed and the appeal bond filed more than 30 days after the judgment was rendered, this article has no application here for the reason that this appeal was taken, not from the -judgment granting unto appellee a divorce, but only from that part of the judgment awarding the permanent care and custody of the minor child to appellee.”
It would follow then that in the present case the plaintiff would be allowed to appeal from that part of the judgment concerning the disposition and status of the property after the thirty day period and a devolutive appeal would be permissible.
For the above assigned reasons, the motion to dismiss is denied. '