144 So.2d 246 (1962)
Henry L. WULFF et ux., Appellants,
v.
Louis MAYER and Great American Indemnity Company, Appellees.
No. 5613.
Court of Appeal of Louisiana, First Circuit.
June 29, 1962.
Rehearing Denied September 25, 1962.
Certiorari Denied November 8, 1962.
*247 Jack N. Rogers, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips by Tom F. Phillips, Baton Rouge, for appellees.
Before ELLIS, HERGET and MILLER, JJ.
HERGET, Judge.
Plaintiffs instituted this suit for damages growing out of an automobile accident which occurred on Florida Street in the City of Baton Rouge, Louisiana. After trial of the case on its merits Honorable Jess Johnson, Judge of Division C of the Nineteenth Judicial District Court, for written reasons assigned on July 28, 1961 and by judgment read and signed on July 31, 1961 dismissed Plaintiffs' suit with prejudice at their costs. Certification on the judgment by the Deputy Clerk of Court reveals notice of such judgment was mailed to each of the attorneys of record on July 31, 1961.
The minutes of the court reflect that on July 31, 1961 on motion of counsel for Plaintiffs Honorable Jess Johnson granted an order of devolutive appeal on behalf of Plaintiffs "returnable to the Honorable the First Circuit Court of Appeal, State of Louisiana on or before the 27th day of September, 1961, bond to be in the sum of $500.00."
On November 8, 1961, on motion of counsel for Plaintiffs, the suit was transferred out of Division C into Division A of the Nineteenth Judicial District Court and on that date on motion of counsel for Plaintiffs Honorable Fred S. LeBlanc granted an order of devolutive appeal on behalf of Plaintiffs "returnable to the Honorable the First Circuit Court of Appeal, State of Louisiana, on or before the 29th day of November, 1961, bond to be in the sum of $500.00."
No bond was ever filed in accordance with the order of appeal granted by Judge Johnson, returnable on or before the 27 of September, 1961 but in accordance with the order of Judge LeBlanc of November 8, 1961 made returnable on the 29 day of November, 1961 counsel, on November 9, 1961, filed an appeal bond in the stipulated amount of $500. The record was filed in this Court on November 16 and on November 17, 1961 counsel for Defendants filed in this Court a motion to dismiss the appeal. In answer to the motion to dismiss the appeal, counsel for Plaintiffs maintain that the delay fixed in LSA-C.C.P. Article *248 2087 is a procedural rule, and LSA-C.C.P. Article 2082 provides that an appeal is a matter of fundamental right and therefore technical rules of procedure should not be resorted to to deny Appellants the substantive right to have Plaintiffs' rights determined by this Court inasmuch as Appellees have not shown, nor can they show, that the delay in taking the appeal has in any way caused them harm, damage or loss.
LSA-C.C.P. Article 2082 provides for appeals as follows:
"Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court."
However, as to devolutive appeals the exercise of this right is limited to ninety days under the provisions of LSA-C.C.P. Article 2087, reading:
"Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
"(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
"(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
"(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
This article, enacted prior to the rendition of the judgment in this suit, reduces the delay previously allowed for taking a devolutive appeal from one year to ninety days and the time provided cannot even be abrogated or extended by agreement of counsel. Untereiner v. Miller, 29 La.Ann. 435.
LSA-C.C.P. Article 1974 provides:
"The delay for applying for a new trial shall be three days, exclusive of holidays. This delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913."
Plaintiffs did not apply for a new trial, so that, to exercise the right of appeal provided under the law, it was incumbent upon Plaintiffs to have obtained the order of appeal and to have furnished security within ninety days after the three-day delay period provided for applying for a new trial and subsequent to the mailing by the Deputy Clerk of Court of the notice of judgment, or no later than November 4, 1961, which they have failed to do.
Inasmuch as the right of appeal is allowed only within ninety days and upon furnishing security provided in the order within such period, this Court is without jurisdiction to consider the appeal granted by Judge Johnson. Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666 and, inasmuch as the right of appeal is provided for only upon the condition that the appeal be taken within the specified time and security furnished, (in this instance no later than November 4, 1961) Judge LeBlanc was without jurisdiction to grant the order of appeal of date November 8, 1961 and likewise this Court is without jurisdiction to entertain same. Schneider v. Manion, 217 La. 118, 46 So.2d 58; Munsch v. Rinkus, La.App., 109 So.2d 101.
For these reasons, the appeal of Plaintiffs is dismissed at their cost.