HERGET, Judge.
This matter is before this Court on motions to dismiss the appeal of Plaintiff, Nola Spears, tutrix of the minors H. L. Magee and Helen Magee, filed by Maryland Casualty Company, J. M. Fourmy and Aetna Casualty and Surety Company, Defendants and Appellees, on the ground Plaintiff’s motion for appeal was not timely filed.
Plaintiff instituted this suit for damages against the above named Defendants, Movers, and Defendants, Howard Colgin Electric Company and Hartford Accident and Indemnity Company as a result of an accident in which Hezzie Magee, father of the minors, was electrocuted. A motion for summary judgment filed by Defendants Fourmy and Aetna was taken under advisement by the Honorable Jim W. Richardson, Judge of the Twenty-Second Judicial District Court for the Parish of Washington, Louisiana, and judgment was rendered sustaining the motion and dismissing Plaintiff’s suit as to Fourmy and Aetna on July 17, 1961. Notice of the signing of the judgment on July 20, 1961 was mailed by the Clerk of Court to all attorneys in the case on July 25, 1961. On October 5, 1961 Plaintiff filed a petition for devolutive appeal and on October 20, 1961 the Court *344 entered an order granting the appeal and setting the amount of bond. However, Plaintiff did not furnish the appeal bond until December 13, 1961 and Defendants, Fourmy and Aetna, filed a motion to dismiss the appeal on the ground the bond was not timely filed. The Court heard argument and rendered judgment sustaining the motion and dismissing the appeal on February 20, 1962. The Trial Court, on February 23, 1962, signed the judgment rendered on February 20, 1962 and a formal notice of the signing of the judgment was mailed by the Clerk on March 20, 1962 to each of the parties. Plaintiff did not apply for a rehearing of the February 20, 1962 judgment until March 22, 1962; therefore, the Trial Court, on April 6, 1962, denied the motion for rehearing on the ground it had not been timely filed. On June 8, 1962 Plaintiff filed a motion for devolutive appeal from the judgment rendered on February 20, 1962, which motion was granted by the Trial Court on June 18, 1962. It is this appeal which Appellees pray be dismissed.
Plaintiff, relying upon LSA-C.C.P. Article 2161, contends Appellees’ motions to dismiss the appeal should not be considered because they were not filed within three days of the date on which the record was lodged with this Court. Article 2161 provides:
“An appeal shall not be dismissed because of any irregularity, error, or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
Article 2161 refers to dismissal of appeals due to irregularities in the manner in which the appeals are brought and the procedure adopted by appellants in filing the appeals. For example, an omission of part of the transcript or a defect in the record would1 not provide sufficient reason for dismissal, of an appeal, unless brought to the attention of the Court within the period allotted in Article 2161. However, in the present instance, we are dealing with the right of appeal, rather than its technique. The right of appeal cannot be extended by failure of the opponent to bring the defect to the Court’s attention within a certain time period, for the right of appeal connotes-jurisdiction of a court to hear an appeal' and jurisdiction is conferred by statute alone and not by consent of counsel. Wulff v. Mayer, La.App., 144 So.2d 246.
Argument of counsel pertaining to the-first appeal taken by Plaintiff in October, 1961 is incidental and irrelevant to the-instant matter, viz., whether the appeal from the February 20, 1962 judgment, revoking the October, 1961 order of appeal, was timely filed.
Plaintiff contends the motion to dismiss the first appeal, argued on February 20, 1962, was taken under advisement by the Trial Court and judgment was not actually rendered until February 23, 1962. Counsel for Plaintiff argues the applicability of LSA-C.C.P. Article 1913, which provides :
“* * * when a case has been taken under advisement by the court notice of the signing of a final judgment therein shall be mailed by the clerk of court * * * to the counsel of record for each party, * *
Counsel for Plaintiff further relies upon LSA-C.C.P. Article 1974, which provides:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. * * *
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, * * * the notice of judgment * *
*345 LSA-C.C.P. Article 2087 provides the right ■of devolutive appeal may be taken within ■ninety days of the Court’s refusal to grant •a timely application for a new trial. Applying these Codal Articles to the present •appeal, Plaintiff contends, since the motion was taken under advisement on February 20, 1962, Plaintiff was entitled to apply for a rehearing within three days after notice ■of the February judgment was mailed by the Clerk. The Clerk did not mail the notice until March 20, 1962; therefore, •counsel for Plaintiff alleges the application for rehearing, filed on March 22, 1962, was timely. It is further argued, since the Trial Judge did not deny the allegedly timely application for rehearing until April '6, 1962, Plaintiff had the right to take a ■devolutive appeal within ninety days of that •denial of rehearing. As evidence of the ■validity of his argument, counsel for Plaintiff notes a judgment in the record, dismissing the appeal, read, rendered and ■signed on February 23, 1962.
An examination of the record indicates there is a judgment dismissing Plaintiff’s •action as against Defendant Maryland Casualty Company which provides the cause ■came on for hearing on February 20, 1962 and “ * * * for the reasons this day ■orally assigned, * * * ” judgment was read, rendered and signed in open Court ■on February 23, 1962. There is a second judgment in the record, dismissing Plaintiff’s action against J. M. Fourmy and The Aetna Casualty and Surety Company, which was heard on February 20, 1962, rendered ■on the same date, and read and signed on February 23, 1962.
Although there appears to be a conflict in regard to the date of the two judgments, an examination of the minutes shows both judgments were heard and rendered on February 20, 1962 when counsel for all parties were present in court. The minutes ■of February 20, 1962 state:
“This cause came on to be heard on motions to dismiss the appeal herein filed by the defendants, Maryland Casualty Company, J. M. Fourmy and the Aetna Casualty and Surety Company, pursuant to previous assignment. Present: E. Kelleher Simon, Attorney for Plaintiff; Benj. W. Miller, Attorney for Howard Colgin Electric Company and Hartford Accident and Indemnity Company; A. Morgan Brian, Jr., Attorney for the Defendant, Maryland Casualty Company; Iddo Pittman, Jr., Attorney for the Defendants, J. M. Fourmy and the Aetna Casualty and Surety Company; and J. Mart Mitchell, Attorney for the Defendant, Howard Colgin Electric Company.
“The matters were taken up, argued and submitted to the Court and the Court dismissed the appeal heretofore granted herein.
^ S¡C %
The minutes of February 23, 1962 state:
“On motion of D. R. Johnson, Jr., on behalf of A. Morgan Brian, Jr., the Court ordered judgment dismissing appeal read and signed herein.”
It is apparent counsel for Maryland Casualty Company, in preparing the judgment dismissing it from the action, erred in stating judgment was rendered on February 23, 1962. In view of the wording of the minutes of February 20 and 23, 1962, we find no reason to consider the inconsistency in the judgment to be more than a typographical error.
Since counsel for Plaintiff was present in Court on the day the motion to dismiss the appeal was taken up on February 20, 1962 and since the Court rendered its judgment instanter, without taking the case under advisement, the notice of judgment, sent to the attorneys for the parties, was superfluous and not mandatory under LSA-C.C.P. Article 1913. The delay for applying for a new trial accordingly commenced to run the day after the judgment was signed on February 23, 1962, exclusive of intervening legal holidays. The ninety day period in which to take a devolutive appeal *346 did not commence at the time the trial Court refused to grant Plaintiff’s application for rehearing because the filing of that application was not timely. Since Plaintiff did not take the appeal within ninety days from the expiration of the delay for applying for a new trial, her right to appeal expired. Wulff v. Mayer, supra; Thompson v. Bamburg, 231 La. 1082, 93 So.2d 666; Untereiner v. Miller, 29 La.Ann. 435.
For the reasons assigned the appeal is dismissed at Appellant’s cost.