284 So.2d 841 (1973)
Jimmie F. ISBELL
v.
Allen G. PANKRATZ, Individually and d/b/a Kentucky Fried Chicken and Pann's of New Orleans, Inc.
No. 5592.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1973.
*842 Robert E. Peyton, Christovich & Kearney, New Orleans, for defendants-appellants.
Edward M. Gordon, III, Richard M. Donahue, Metairie, for plaintiff-appellee.
Before SAMUEL, J., and BAILES and FLEMING, JJ., Pro Tem.
ROBERT M. FLEMING, Judge Pro Tempore.
On January 31, 1972, Jimmie Isbell filed this law suit against Allen Pankratz, individually and doing business as Kentucky Fried Chicken and Pann's of New Orleans, Inc., alleging a slip and fall accident at the defendant's restaurant which caused severe injuries to Isbell. While there is some question about the efficacy of the service of citation, for this opinion it will suffice to say that the defendants were served on February 2, 1972. On February 29, a preliminary default was entered against both defendants and on March 9, a Thursday, evidence was introduced in the district court to confirm the preliminary default. At the end of the presentation of the evidence the trial judge discussed the case and concluded with:
"* * * Therefore, the Court will award judgment for a total which will equal $7433.50 in special damages, $10,000 pain and suffering for the ruptured disc and the causes related thereto and the operation and so forth as described hereinabove in these reasons and $2500 for the pain and suffering for aggravation and recurrence of the pre-existing ulcer and cervical strain, or a total of $17,633.50.
"Court fixes the expert fees due Dr. Aiken at $100 and will tax that as cost to be paid by the Defendants. Court will cast both defendants jointly and in solido in judgment."
Other than the verbal remarks of the trial judge, no judgment was signed that Thursday. On Friday, March 10, the next day, the defendants filed their answer in the form of a general denial. On Monday, March 13, 1972, the formal judgment was signed, reciting that it was:
"Read and rendered in open court on this (sic) 9th day of March, 1972. Judgment read and signed in open court on this 13th day of the month of March, 1972.
 /s/ Fred S. Bowes
 Judge"
On March 15 the defendant moved to set aside the judgment of March 13 and to grant a new trial. After a hearing the motion was denied. The defendant has suspensively appealed. There were several specifications of error made to this court. We find that the first one is correct therefore we pretermit a discussion of the others.
We hold that the filing of the answer prior to the signing of a formal judgment by the trial judge operates to nullify the judgment and requires a trial on the merits.
*843 Prior to the adoption of the Code of Civil Procedure the Code of Practice showed a distinction between "rendition" of a judgment and the "signing" of a judgment. This distinction led to some confusion in the jurisprudence. See 24 TLR 470.
Concerning prescription, in the case of Viator v. Heintz, 201 La. 884, 10 So.2d 690 (1942), the Supreme Court said:
"It is settled by jurisprudence that prescription begins to run when the judgment is signed, not when it is given or announced from the bench by the judge."
and in Foster v. Kaplan Rice Mill, 203 La. 245, 13 So.2d 850 (1943), concerning the delays to apply for a new trial:
"A judgment is not rendered until it is signed by the district judge."
and in Meyer v. Esteb, La.App., 75 So.2d 421 (1954):
"A judgment is not considered final until it is signed and it is not rendered until it is signed."
The Code of Civil Procedure in art. 1002 provides when the defendant may answer thus:
"Notwithstanding the provisions of Article 1001, the defendant may file his answer at any time prior to confirmation of a default judgment against him."
and article 1702 says:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
"When the demand is for a sum due on an open account, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a negotiable instrument, no proof of any signature thereon shall be required."
The Code does not specifically say when a default is confirmed other than by inference and it is to that question this decision addresses itself.
If a judgment is "confirmed" at the moment of signing in open court then obviously under article 1002 the defendant's answer of March 10 was timely filed as this was prior to the confirmation of the default. If it is confirmed when the judge renders his opinion on it, as the trial court did on March 9, then the answer comes too late.
The Code of Civil Procedure indicates that the time of signing is the time determinative of the issue. Article 1911 requires that all final judgments shall be read and signed by the judge in open court. It is this final judgment which puts the machinery of the law into action. Article 1918 shows that a final judgment must be identified as such by appropriate language; it is distinct from an opinion or reasons for judgment. Article 1841 says that a judgment that determines the merits of a case is a final judgment and article 1843 provides that a judgment by default is that which is rendered against a defendant who fails to plead within the time prescribed by law. The preliminary statements of the redactors of the Code of Civil Procedure preceding and following article 1911 show their intention to have only one effective judgment and that is only the one signed by the judge in open court.
We therefore conclude that a default is only confirmed when a judgment has been signed in open court as provided by article 1911.
In this case if the plaintiffs had a judgment ready for signature and had the district judge signed it at the conclusion of the evidence the answer filed the next day would have come too late, but this was not done. See Ascension Builders, Inc., v. Jumonville, *844 262 La. 519, 263 So.2d 875 (1972).
In the case of Eiermann v. Eiermann, 200 La. 26, 7 So.2d 604 (1942), the Supreme Court held an answer filed on the day "* * * before the judgment confirming the default was signed * * *" required a trial on the merits. In that case a preliminary default was taken on February 28. On April 29, the court said that the default was confirmed but the judgment was not signed until May 27. The record showed that prior to the signing of the judgment on May 27, on the same day, an answer had been filed. It then ruled that under the Code of Practice, the filing of the answer nullified the judgment and the case was remanded to the lower court for trial. Insofar as the timing is concerned, these facts are similar to if not identical with the case at bar. The Eiermann case was overlooked in the later decision of Martin v. Vapor Honing Company, La.App., 144 So.2d 622 (1962). In this case a preliminary default was taken on February 26, 1960, and evidence adduced on March 7 and that afternoon an answer was filed. The Court of Appeal held the answer came too late even though the formal judgment was not signed until July 5, 1961. This case also based its decision on the Code of Practice. The facts concerning the sequence of the time element in the Eiermann case, the Martin case and in this case are the same. Suit was filed, the preliminary defaults taken, evidence was introduced to confirm the defaults and the judge indicated his decision. An answer was later filed and then formal judgment was signed.
Obviously the trial judge based his decision denying the motion for a new trial in part on the Martin v. Vapor Honing case.
The Eiermann and the Martin cases were governed by the Code of Practice and this case is governed by the Code of Civil Procedure. The law in the Eiermann case is applicable nevertheless.
We are bound by the decision of the Supreme Court in the Eiermann case. Therefore, we overrule the case of Martin v. Vapor Honing Company insofar as it conflicts with this decision. We also note that this case is contra to some of the language in the case of Veasey v. Eisenberg, 11 Orl.App. 220 (1914).
It is our opinion, therefore, that the judgment appealed from was improvidently granted and the case will have to be remanded.
For the reasons assigned, it is ordered that the judgment appealed from be annulled and set aside and the case is remanded to the lower court for trial on the merits. All costs to await a final determination.
Remanded.