372 So.2d 1240 (1979)
Al HUDSON et al.
v.
CITY OF BATON ROUGE et al.
No. 12554.
Court of Appeal of Louisiana, First Circuit.
May 1, 1979.
Victor A. Sachse, Jr., Claude F. Reynaud, Jr., Baton Rouge, of counsel, for plaintiffs-appellants Al Hudson et al.
John V. Parker, Ralph E. Hood, Baton Rouge, of counsel, for defendants-appellees, Prime Properties Development Inc. JT&B Partnership Ltd. and Doyle Whittington.
Frank J. Gremillion, Asst. Parish Atty., Baton Rouge, of counsel, for defendants-appellees, City of Baton Rouge et al.
Before COVINGTON, PONDER and SARTAIN,[*] JJ.
PONDER, Judge.
Plaintiffs appealed from the denial of a preliminary injunction to prevent the defendants from proceeding with plans to develop some property with an A-2.5 zoning classification.
Plaintiffs are owners of property in Essen Heights Subdivision located near the *1241 intersection of Interstate 10 and Essen Lane. The subdivision, composed of seventy-eight residences, has only one entrance and exit, that of North Essen Heights Court to Essen Lane. It formerly had two but the construction of Interstate 10 cut off South Essen Heights Court.
Some of the defendants are owners of a twenty six acre tract located in the rear of Essen Heights Subdivision. The property is otherwise bounded by Interstate 10 and Ward's Creek.
Defendants made application for the change of the zoning of the 26 acre tract from A1 residential to B1 transitional so as to allow the construction of apartment complexes. Despite opposition from the residents of the subdivision, the Planning Commission approved the change. The first consideration by the Parish Council on May 23, 1978 resulted in six votes for approval and five votes against. The vote to deny was four votes for denial and six against. The Parish Council on June 27, 1978, voted four to rezone and six to deny. The Parish Attorney advised the council that the rezoning would require eight votes and a denial would require seven. The matter was therefore recessed. On August 22, 1978, the proposed ordinance was amended and then passed to provide that the change of zoning be from A-1 to A-2.5 after the original ordinance had failed. This classification allows the construction of townhouses.
The plaintiffs then filed a suit asking for an injunction on the grounds that the ordinance had not been validly enacted because of repeated considerations after the proposed change had failed to pass, because of no notice, no Planning Commission consideration and ruling on the change to A-2.5 and because of failure to consider adequately the proposed change in light of the guidelines of Title 7, Section 10.7 of the Parish Ordinances.
The court after hearing the evidence on the rule to show cause why a preliminary injunction should not issue denied the preliminary injunction, saying that the A-2.5 classification was included within the B1 classification and that the notice for B1 would therefore be sufficient; and that while plaintiffs had presented evidence that the development would bring on some traffic, drainage and sewerage problems and increased inconvenience to them, nevertheless, the Planning Commission and the Council had considered these points and had still approved the change. The court could not find the action to be unreasonable, arbitrary or capricious. It did not address itself to the question of repeated consideration after failure to pass.
Much time and effort has been devoted to the question of irreparable injury. However, it is not always necessary to allege or prove irreparable injury in support of a rule for a preliminary injunction. See Caffery v. Powell, 320 So.2d 223 (3d Cir. 1975); Whalen v. Brinkman, 258 So.2d 145 (1st Cir. 1972).
We have considered plaintiffs' substantial allegations of invalidity, but unfortunately find ourselves unable to address those issues. The copy of the amendment introduced into evidence was not certified. The zoning ordinance was not introduced at all; nor was there any allegations or proof that a copy had been filed with the Clerk of Court. Under these circumstances we are unable to take judicial cognizance of the zoning ordinance or the amendment thereto. La.R.S. 13:3712 B; Brown v. Parish of East Baton Rouge, 126 So.2d 173 (1st Cir. 1961).
We cannot therefore judicially determine whether there is substantial differences in the A-2.5 and B1 classifications, which we believe to be the real question, rather than just whether A-2.5 is included in B1. See Rathkopf, The Law of Zoning and Planning, § 10.04.
We are unable judicially to determine that the ordinance was enacted in accordance with the Comprehensive Zoning Ordinance and after measuring the amendment by its guidelines.
We seriously considered remanding the case for the inclusion of these items but decided against such action in the interest *1242 of time and effort because of the fact that the matter is before us on the refusal of a preliminary injunction. The matter is still to be heard on the merits and any possible miscarriage of justice can be averted at that time by the correction of these omissions.
We therefore affirm. The costs of the appeal are assessed against appellants. All other costs are to await final outcome of the case.
AFFIRMED.
NOTES
[*] Serving by appointment of the La.Sup.Ct.