SHORTESS, Judge.
On September 16, 1982, the Terrebonne Parish Sales and Use Tax Department (Parish) filed three petitions seeking to collect unpaid sales and use taxes from Alvin De-laune, Special, D & S Oilfield Rental Company, and Louisiana Offshore Rentals, Inc. (defendants). It was alleged that defendants, all separate entities owned and/or substantially controlled by Alvin Delaune, had failed to pay the Parish taxes due on various transactions involving the purchasing and leasing of oil field support equipment.
The three petitions were identical except for the places where blanks had been filled in with the appropriate tax, interest, penalty, and total amount due the Parish. Additionally, the dates the alleged tax liability arose differed slightly for each defendant. Otherwise, the petitions stated that they had been filed pursuant to the Parish resolution “adopted on October 14, 1964, under the authority contained in Act No. 500 of the Regular Session of the 1964 Louisiana Legislature.” The allegations in the petitions that the defendants are indebted to the Parish for this tax liability are all claims based upon sections of the Parish resolution. For example, Paragraph III of the petitions states that defendants failed to pay the tax, interest, and penalties, or to file the tax return required “by Section 6.02 of the Resolution.” Paragraph IY states that the Parish proceeded to make an estimate of the taxes due it “in accordance with the provisions of the pertinent Section of the Resolution.” Paragraph VI states that attorney fees are due the Parish from defendant “in accordance with the terms of the Resolution.” Paragraph VII states that “under the authority contained in Section 9.02 of the Resolution, your petitioner is entitled to have a rule issued herein directed to the defendant, ordering it to show cause, [etc.].” However, the record does not contain any part of the “Resolution,” much less its particular sections as referred to in the petitions.
The trial court found that Section 9.02 of the Terrebonne Parish General Sales and Use Tax Ordinance allowed the plaintiff to bring a suit for the taxes and seek an order prohibiting defendants from further pursuit of their businesses until the delinquent amounts were paid, noting that this remedy was “provided by Section 9.02 of the ... Ordinance and patterned after LSA-R.S. *591 47:314.” The court went on to state that “[s]tate and local tax departments are given an advantage under the law (LSA-R.S. 47:1574 and Section 9.01 of the Terrebonne Parish General Sales and Use Tax Ordinance) of being able to present a prima facie case for delinquent taxes and shifting the burden of proof to the alleged delinquent taxpayer to rebut the claim, if possible.” The trial court then dismissed the claims based upon the Louisiana Sales Tax Law, La.R.S. 47:301-317 (apparently pursuant to the directive of La.Acts 1964, No. 500, § l),[1] as well as the “Parish ordinances” and some jurisprudence. A portion of the claims was dismissed without prejudice, as the trial court concluded that certain items in the audits could be taxable after closer analysis of those transactions. The Parish has appealed. Its brief contains arguments based upon the “Terre-bonne Parish Sales and Use Tax Ordinance.”
Prior to Act 316 of 1958, the only method by which a municipal or parochial ordinance could be proven in court was by a copy duly certified by the official, officer or employee who had custody of it (unless the original record were actually brought to court and properly identified). La.R.S. 13:3711 and 13:3712(A); Brown v. Parish of East Baton Rouge, 126 So.2d 173 (La. App. 1st Cir.1960). Act 316 of 1958 (La. R.S. 13:3712[B]) authorized “courts of record” to take judicial notice of municipal or parochial ordinances “within their re: spective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of said court.” The Parish bases its right to recovery on the Terre-bonne Parish General Sales and Use Tax ordinance adopted on October 14, 1964. We have reviewed the record and find no certified copy of such ordinance therein. La.R.S. 13:3711 has not been complied with.
The transcript and the court minutes do not reflect that the district court took judicial cognizance of the ordinance. There is no allegation or proof that the ordinance has been filed in the district court. Hudson v. City of Baton Rouge, 372 So.2d 1240 (La.App. 1st Cir.1979). *592 Even if the district court noticed the ordinance, for appellate review it is incumbent on the party relying on the ordinance to make a certified copy of it a part of the appellate record. Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981). La.R.S. 13:3712(B) has not been complied with. '
Because of this failure of proof by the Parish, there is no evidence of record to show it has the taxing power it claims. La.Act.1964, No. 500, § 2. Without proof of its authority to impose and collect the specified taxes, the Parish cannot prevail.
The appellate court has no power to upset the trial court’s findings based upon appellant’s argument that the trial court violated the rules of court, in the absence of any such rules being made a part of the record on appeal. Martin v. Vapor Honing Company, 144 So.2d 622 (La.App. 4th Cir.1962), overruled on other grounds, Isbell v. Pankratz, 284 So.2d 841 (La.App. 4th Cir.1973). We believe the same holds true when the appellant asks us to overturn the trial court based upon ordinances which we are unable to consider because of appellant’s inadvertance. The judgment of the trial court is therefore affirmed; costs of this appeal are taxed to appellant.
AFFIRMED.

. La.Acts 1964, No. 500, § 1, was amended by La.Acts 1966, No. 263, § 1, adding the emphasized language. The pertinent parts of both Acts are reproduced here:
Section 1. Subject to the approval of the qualified electors as hereinafter provided for, the Parish of Terrebonne, Louisiana, through the Terrebonne Parish Police Jury or its successor as the governing authority of such parish, is hereby authorized to levy and collect within such parish a tax of one per cent (1%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible personal property and upon the sale of services, as presently defined in R.S. 47:301 to 47:317, inclusive (hereinafter sometimes referred to as the "tax”). Except where inapplicable or inconsistent with the provisions of this Act, the procedures established by R.S. 47:301 to 47:317, inclusive, and R.S. 47:1561 to 47:1581, inclusive, shall be followed in the imposition, collection and enforcement of the tax so imposed hereunder, and any procedural details necessary to be established to supplement the provisions of said sections and to make said provisions applicable to taxes imposed hereunder shall be fixed by resolution of the Police Jury of the Parish of Terrebonne, Louisiana, or its successor as the governing authority of the parish. The governing authority of the parish may employ such persons, delegate such authority and establish such rules and regulations as may be necessary or incidental for the collection of said tax and all reasonable and necessary costs of collection and administration of the tax shall be paid from the avails or proceeds of the tax. After all reasonable and necessary costs and expenses of administration and collection of said tax have been paid, the remaining proceeds or avails of said tax shall be allocated, dedicated and paid out monthly to the political subdivisions as hereinafter provided.
[[Image here]]
Section 2. The resolution levying and imposing such tax shall be adopted by the governing authority of the parish only after the question of the imposition of the tax shall have been approved by a majority of the qualified electors of the parish voting at an election held therein substantially in accordance with the general election laws of the State of Louisiana, except that the election shall be ordered, conducted and notice thereof published by the governing authority of the parish in a manner similar to the procedures set forth in R.S. 39:501 to 39:518, inclusive, but all qualified electors shall be entitled to vote in the election. Voting machines shall be used in the holding of the election and assessed valuation shall not be voted in the election.