461 So.2d 1225 (1984)
A.W. HAMMONS, et al.
v.
PARISH OF EAST BATON ROUGE, DEPT. OF PUBLIC WORKS, PERMIT DIVISION and Board of Adjustments.
No. 83 CA 1389.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1226 Joel Dickinson, Baton Rouge, for plaintiffs-appellants.
A. Foster Sanders, III, Baton Rouge, for defendant-appellee.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON[*], JJ.
JOHN S. COVINGTON, Judge Pro Tem.
Plaintiffs, four individuals purportedly constituting a committee representing a majority of the residents of a Baton Rouge subdivision, appeal the trial court's denial of their petition for a preliminary injunction. They sued to enjoin the Board of Adjustment of the City-Parish of East Baton Rouge (Board) from continuing to issue permits allowing the placement of trailers, or mobile homes, on lots in plaintiffs' subdivision, on the grounds that pre-existing subdivision building restrictions prohibit such placement.[1]
The broad issue is whether the trial court abused its discretion in denying plaintiffs' request for a preliminary injunction.
We affirm.
In his Reasons for Judgment, the trial judge referred to a section of the Code of Ordinances for the City of Baton Rouge and the Parish of East Baton Rouge in making conclusions regarding the Board's authority and responsibility when issuing permits as alleged. In brief on appeal, the Board also cites the ordinance in support of its arguments.
We are unable to consider the ordinance on review as it was never introduced into evidence, nor was any proof made that it has been filed with the Clerk of Court. We cannot take judicial cognizance of the ordinance cited. LSA-R.S. 13:3712(B); Patin v. Industrial Enterprises, Inc., 421 So.2d 362 (La.App. 1st Cir.1982), writ denied 423 So.2d 1166 (1982); Hudson v. City of Baton Rouge, 372 So.2d 1240 (La.App. 1st Cir.1979). However, we do not find reference to the ordinance necessary to resolution of this case.
It is undisputed that pre-existing restrictions affecting the subdivision in question prohibit the use of trailers as residences on subdivision property, for which purpose the Board, on occasion, allegedly grants permits to individual landowners. Plaintiffs seek to enjoin the Board from issuing any such permits in the future.
Landowners whose property benefits from valid building restrictions are entitled to enjoy those rights without interference from others, and may bring injunctive proceedings for their protection and enforcement against any violator or attempted violator. Salerno v. De Lucca, 211 La. 659, 30 So.2d 678 (1947); Camelot Citizens Association v. Stevens, 329 So.2d 847 (La. App. 1st Cir.1976), writ denied 333 So.2d 242 (La.1976); A.N. Yiannopoulos, Civil Law Predial Servitudes, § 194. Plaintiffs argue that injunctive relief is proper under these circumstances because the Board, in granting permits as alleged, `violates' the subdivision restrictions.
This argument is without merit. It is well established that municipal zoning ordinances neither terminate nor supersede pre-existing building restrictions. Alfortish v. Wagner, 200 La. 198, 7 So.2d 708 *1227 (1942); Cabibi v. Jones, 391 So.2d 461 (La. App. 4th Cir.1980); Hargroder v. City of Eunice, 341 So.2d 463 (La.App. 3rd Cir. 1977), writ denied 344 So.2d 378 (La.1977); 101(A) C.J.S., Zoning and Planning, § 114. While the Board may possess the legal authority to waive City-Parish zoning requirements, it clearly lacks the power to waive valid, pre-existing building restrictions. Thus, the actions of the Board complained of do not constitute violations of restrictions entitling plaintiffs to injunctive relief. The trial court correctly noted in his reasons for judgment that plaintiffs' remedy[2] lies not against the Board but against those individuals who, whether they have received permits waiving zoning restraints from the Board or not, in fact attempt to violate subdivision restrictions by using trailers as residences on subdivision property.
The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if abused. Schwegmann Brothers Giant Supermarkets v. Louisiana Milk Commission, 290 So.2d 312 (La.1974). The applicant for a preliminary injunction has the burden of making a prima facie showing that he will prevail on the merits of the case-i.e., that he will be entitled to issuance of a permanent injunction. GMAC v. Daniels, 377 So.2d 346 (La.1979).
In the present case, the trial judge correctly ruled that the plaintiffs had failed to make a prima facie showing that they would prevail on the merits of the case. We find no error in his ruling denying plaintiffs' request for a preliminary injunction.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed at plaintiffs' costs.
AFFIRMED.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] Plaintiffs also petitioned the trial court to revoke permits allegedly issued previously by the Board to four named individuals, but that portion of their petition was dismissed when the court sustained defendants' peremptory exception of non-joinder of an indispensable party.
[2] Assuming, of course, that plaintiffs are able to prove the requisite standing, as well as the validity and continuing efficacy of the restrictions.