505 So.2d 976 (1987)
CITY OF EUNICE, Plaintiff-Appellee,
v.
CLM EQUIPMENT COMPANY, INC., Defendant-Appellant.
No. 86-469.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Rehearing Denied May 5, 1987.
*977 Lewis and Lolley, James R. Lewis, Seven Flagg Place, and Randy E. Olson, Lafayette, for defendant-appellant.
Kearney Tate of Tate and McManus, Eunice, for plaintiff-appellee.
Before FORET, DOUCET and KNOLL, JJ.
KNOLL, Judge.
CLM Equipment Company, Inc. (CLM) appeals the judgment of the Eunice City Court finding it liable to the City of Eunice (City) for sales and use taxes collected in 1979 by CLM but never remitted to the City. The trial judge determined that there was a fiduciary relationship between CLM and the City, therefore, the prescriptive period contained in the City's Sales & Use Ordinance (No. A-246) was inapplicable. CLM contends that the court erred: (1) when it overruled the exception of prescription; (2) in its failure to grant CLM's motion for directed verdict for the City's failure to establish that the city treasurer made the assessment of taxes as required by the city ordinance; and (3) by allowing the City to introduce further evidence after resting its case. Finding a fatal flaw in the evidence of record, we pretermit CLM's assignments of error and reverse.

FACTS
On July 25, 1985, the City filed a petition seeking to collect unpaid sales and use taxes from CLM in the sum of $3,286. It alleged that CLM failed to pay sales taxes to the City which were due on agricultural equipment sold by CLM between June and August 1979.
The petition states that CLM is indebted to the City for sales and use taxes pursuant to Ordinance No. 246 adopted on June 26, 1962. The City further states that pursuant to its taxing authority the City Treasurer estimated the amount of taxes due, and that because CLM failed to pay the assessment, it is entitled pursuant to the ordinance to have a rule issued to CLM to show cause why it should not pay the delinquent tax, interest, penalties and court costs. The ordinance was not made part of the record.

RECORD EVIDENCE
The City's claim against CLM, as well as CLM's contentions regarding prescription and the proper method for the estimation of tax are inextricably attached to the municipal ordinance. Notwithstanding *978 that importance, the record does not contain the ordinance. Although CLM attached a copy of the ordinance to its brief, it does not constitute evidence and can not be considered on appeal. Norton v. Thorne, 446 So.2d 972 (La.App. 3rd Cir. 1984).
A municipal or parochial ordinance may be proven in court: (1) by a copy duly certified at trial by the official, officer or employee who had custody of it (unless the original record is brought to court and identified); or (2) courts of record can take judicial notice of municipal or parochial ordinances within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of court. LSA-R.S. 13:3711, and 13:3712(A) and (B); Terrebonne Parish Sales v. D. & S. Oilfield, 449 So.2d 589 (La.App. 1st Cir.1984), writ denied, 456 So.2d 168 (La.1984); see also Hammons v. Parish of East Baton Rouge, Etc., 461 So.2d 1225 (La.App. 1st Cir.1984). In either event it is incumbent on the party relying on the ordinance to make a certified copy of it part of the record. Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981). In the case before us we can not consider the ordinance because it was neither introduced into evidence nor proven that it was filed with the clerk of court.
Under LSA-C.C.P. Art. 2164 an appellate court shall render any judgment on appeal which is just, legal, and proper upon the record on appeal. The absence of the ordinance presents us with two problems that we cannot resolve: (1) because of the City's failure to make the ordinance a part of the record, there is no evidence to establish the municipal taxing power it claims; and (2) without the ordinance we are unable to examine and determine the prescriptive period, if any, and any requirements that the assessment must be made by the municipal treasurer.
Although we considered allowing the City to supplement the record, such remedial action is only proper when it has been shown that the item of evidence was actually introduced at trial. Jackson v. Wal Mart Properties, Inc., 443 So.2d 3 (La.App. 3rd Cir.1983). In the present case there is no indication that the ordinance was ever formally introduced. Therefore, we are constrained to dismiss the City's case against CLM for failure to prove its taxing authority, which further prevents us from correctly determining CLM's assignments of error.
For the foregoing reasons, the judgment of the trial court is reversed and set aside, and judgment is rendered dismissing the City's claim with prejudice. Costs of this appeal and the trial court are assessed to the City of Eunice.
REVERSED AND RENDERED.