542 So.2d 121 (1989)
CITY OF SLIDELL
v.
PRIMO ENTERPRISE, INC., d/b/a Brittany's and Emmerson Simmons.
No. CA 88 0214.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Elaine W. Guillot, Slidell, for appellant-plaintiff.
Martin A. Smith, Jr., Slidell, for appellee-defendant.
Before WATKINS, CRAIN and ALFORD, JJ.
ALFORD, Judge.
On August 21, 1987, the City of Slidell (City) filed a petition for injunction against the defendants, Primo Enterprise, Inc. d/b/a Brittany's and Emmerson Simmons, alleging that a sign erected at the location of the defendants' business was in violation of the City's zoning ordinance. The City sought an injunction ordering the defendants to either remove the sign or bring it into compliance with the City's zoning ordinance. The trial court found that the zoning ordinance had not been violated, and therefore, the City's petition for injunction was dismissed. The City has appealed.
*122 The City's claim is inextricably attached to the City's zoning ordinance. However, the record does not contain the ordinance. Although the City attached a copy of the ordinance to its brief, it does not constitute evidence and cannot be considered on appeal. City of Eunice v. CLM Equipment Company, Inc., 505 So.2d 976 (La.App.3d Cir.1987). Likewise, even though the trial judge referred to a section of the ordinance in his reasons for judgment, we cannot take judicial cognizance of the ordinance cited. See Hammons v. Parish of East Baton Rouge, 461 So.2d 1225 (La.App. 1st Cir.1984).
A municipal or parochial ordinance may be proved in court: (1) by a copy duly certified at trial by the official, officer or employee who had custody of it (unless the original record is brought to court and identified); or (2) courts of record can take judicial notice of municipal or parochial ordinances within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of court. La.R.S. 13:3712(B); Terrebonne Parish Sales and Use Tax Department v. D & S Oilfield Rental Company, 449 So.2d 589 (La.App. 1st Cir.), writ denied, 456 So.2d 168 (La.1984).
The transcript and the court minutes do not reflect that the district court took judicial cognizance of the ordinance. There is no allegation or proof that the ordinance has been filed in the district court. Hudson v. City of Baton Rouge, et al., 372 So.2d 1240 (La.App. 1st Cir.1979). Even if the district court noticed the ordinance, for appellate review it is incumbent on the party relying on the ordinance to make a certified copy of it a part of the appellate record. Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981). La.R.S. 13:3712(B) has not been complied with.
We cannot consider the ordinance because it was neither introduced into evidence nor proven that it was filed with the clerk of court. We have no power to overturn the trial court based upon an ordinance we are unable to consider because of the City's inadvertance. Terrebonne Parish Sales, 449 So.2d at 592. The judgment of the trial court is therefore affirmed; costs of this appeal are taxed to the City-Appellant.
AFFIRMED.