KING, Judge,
concurring in part and dissenting in part.
I concur in the result reached on rehearing.
I dissent to protest the Supreme Court ordering us to consider an ordinance, not introduced into evidence or judicially noticed at the time of trial, and, therefore, not in the appellate record. In my opinion such an order compels the appellate court to act in violation of La. Const. Art. 5, § 10 (1974), which mandates that the scope of appellate review is limited to facts in the record. Under La.C.C.P. Art. 2164, an appellate court can only render any judgment on appeal which is just, legal, and proper upon the record on appeal.
On proper motion an appellate record may be supplemented with a document when the document has been properly judicially noticed by the trial court at the time of trial and when a certified copy of the document has been filed with the clerk of the district court. See Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981). In this case, there is no evidence in the appellate record that a certified copy of the ordinance was ever filed with the clerk of the district court, See La.R.S. 13:3712, or that the district court was ever properly asked to take judicial notice of the ordinance. See La.R.S. 13:3712; La.C.C.P. Art. 1391, in effect at the time of trial of this matter; and La.C.E. Art. 201 in effect at the time of issuance of the order by the Supreme Court in this matter. The record in this appeal conclusively shows that the fact that the ordinance was not in evidence was brought to the attention of counsel for defendants-appellees at the time of trial by the court itself and that counsel for defendants-appellees did not ask the court to take judicial notice of the ordinance or file a certified copy of the ordinance into evidence. Therefore, the ordinance does not constitute evidence in the record and it cannot legally be considered by an appellate court.
Even if a district court takes judicial notice of an ordinance, for purpose of appellate review it is incumbent upon the party relying on the ordinance to make a certified copy of the ordinance a part of the appellate record. Terrebonne Parish Sales v. D & S Oilfield, 449 So.2d 589 (La.App. 1 Cir.1984), writ den., 456 So.2d 168 (La.1984). As the court stated in the Terrebonne case:
“The transcript and the court minutes do not reflect that the district court took judicial cognizance of the ordinance. There is no allegation or proof that the ordinance has been filed in the district court. Hudson v. City of Baton Rouge, 372 So.2d 1240 (La.App. 1st Cir.1979). Even if the district court noticed the ordinance, for appellate review it is incumbent on the party relying on the ordinance to make a certified copy of it a part of the appellate record. Klohn v. Louisiana Power & Light, 406 So.2d 577 (La.1981). La.R.S. 13:3712(B) has not been complied with.” Terrebonne Parish Sales v. D & S Oilfield, 449 So.2d 589, at pages 591-592 (La.App. 1 Cir. 1984), writ den., 456 So.2d 168 (La.1984).
This court in Bullock v. Commercial U. Ins. Co., 397 So.2d 13 (La.App. 3 Cir.1981), in denying a “Motion. To Supplement Record” made in the appellate court stated that:
“LSA-C.C.P. Art. 2132 permits the correction of the record, even after the record is transmitted to the appellate court, by stipulation of the parties, by the trial court or by order of the appellate court. However, this permits the correction of the evidence, or the furnishing of omitted evidence, which was actually introduced at the trial. It does not permit the introduction of new evidence after the transcript of appeal is filed in the appellate court. The court of appeal only has appellate jurisdiction and supervisory jurisdiction over cases in which an appeal would lie to it. LSA-La. Const. 1974, Article 5, Section 10. The court of *712 appeal has no jurisdiction to receive new evidence. See Barber v. Testa, 331 So.2d 139 (La.App. 3 Cir.1976).” Bullock v. Commercial U. Ins. Co., 397 So.2d 13, at page 15.
The problem of an appellate court considering an ordinance which is not a part of the appellate record was pointed out by this court when we stated:
“A municipal or parochial ordinance may be proven in court: (1) by a copy duly certified at trial by the official, officer or employee who had custody of it (unless the original record is brought to court and identified); or (2) courts of record can take judicial notice of municipal or parochial ordinances within their respective jurisdictions whenever certified copies of such ordinances have been filed with the clerk of court. LSA-R.S. 13:3711, and 13:3712(A) and (B); Terre-bonne Parish Sales v. D & S Oilfield, 449 So.2d 589 (La.App. 1st Cir.1984), writ denied, 456 So.2d 168 (La.1984); see also Hammons v. Parish of East Baton Rouge, Etc., 461 So.2d 1225 (La.App. 1st Cir.1984). In either event it is incumbent on the party relying on the ordinance to make a certified copy of it part of the record. Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981). In the case before us we can not consider the ordinance because it was neither introduced into evidence nor proven that it was filed with the clerk of court.
Under LSA-C.C.P. Art. 2164 an appellate court shall render any judgment on appeal which is just, legal, and proper upon the record on appeal. The absence of the ordinance presents us with ... problems that we cannot resolve: ...” City of Eunice v. CLM Equipment Co., Inc., 505 So.2d 976, at page 978 (La.App. 3 Cir.1987).
The law of Louisiana both statutorily and jurisprudentially, before and at the time of the order issued by the Supreme Court herein, is clear that an appellate court has no jurisdiction to receive new evidence. This is what the Supreme Court has ordered this appellate court to do in this case.
For these reasons, I respectfully dissent to protest the Supreme Court ordering us to consider new evidence not in the record on the appeal of this case.