JENNIE B. HOLBROOK, Wife of A. M. HOLBROOK, v. HER HUSBAND.

Where a wife sues her husband for alimony, alleging that he refuses to provide for her support, and, before the trial of the cause, the husband and wife are reconciled, and he is living with her and pro vides a suitable maintenance for her :

*Held.:*—That the husband may plead such reconciliation and compliance with his obligations at the trial, as a peremptory exception, and, if sustained, it is the duty of the Court to dismiss the action.

APPEAL from the Fourth District Court of New Orleans, *Theard*, J. *J. Ad. Rozier*, for appellant. *P. H. Morgan* and *Whitaker, Fellowes & Mills*, for appellee.

HOWELL, J. Plaintiff alleges that her husband, who is a wealthy man, abandoned her on 9th April, 1865, has since been living in concubinage with another woman, and, ignoring all of his obligations as a husband, has refused to provide for her support or receive her into a common dwelling, and prayed that he be ordered to receive her "under a roof, where her dignity as a woman and a wife will not be disgraced by the contamination of his concubine, and to receive her and furnish her whatever is required for her conveniences of life, in proportion to his means and condition in life; or, in default thereof, that he be condemned to provide for her maintenance and support during her natural life, at the rate of one thousand dollars per month, and that he be condemned to pay her, during her natural life, the said sum of one thousand dollars per month in advance, commencing from the 9th day of April, 1865, as alimony, due her and payable each and every month, in future in advance."

The defendant answered by a general denial, and certain special defences, which it is unnecessary to state. He also set up a reconventional demand for a divorce, which was, on his motion, dismissed.

On the day fixed for the trial of the cause, the defendant filed, what he termed, a "peremptory exception to any further proceeding being had in this case, because the plaintiff is now living as his wife with him, and the cause of action, if any there was, has *become extinguished*, and prays that this suit be dismissed; which was tried separately from the merits, to which the plaintiff objected, and, as shown by a bill of exceptions, asked leave to proceed with plaintiff's evidence regularly on the merits. The

Court ruled "that, from the fact that the plea was a bar, if maintained by evidence, it would be an extinguishment of the action of plaintiff." Upon hearing evidence on this exception, judgment was rendered dismissing the suit, and plaintiff appealed.

The question presented is one of practice, and is this :

Did the Court err in ruling the plaintiff to a trial of the exception, separate from the merits ; or, should the plaintiff have been allowed to introduce evidence in support of the allegations of her petition, before the defendant could be permitted to prove the fact set up in the exception as a bar to the action ?

The exception, fairly construed, means this : Admitting the allegations of the petition, the plaintiff, by consenting to live with the defendant as his wife, has extinguished her cause of action, and, in our opinion, the defendant can insist upon the trial and decision of his exception before a trial on the merits, as, if sustained by evidence, it would dismiss the suit, there being nothing left for the Court to adjudge between the parties. The object of plaintiff's suit is to compel the defendant to receive and support her as his wife, and, in default of his doing so, to condemn him to support her elsewhere. If, before the trial of the suit, the defendant complies with the demand made upon him as a husband, he has a right to show the fact, and put an end to such litigation, if the wife could be considered as wishing a trial on the merits, under such circumstances. There is no exception to plaintiff's right to institute such an action as this.

The evidence satisfied the District Judge that the defendant had complied with plaintiff's demand, and that the parties were living together as husband and wife, and we see no reason to disturb his judgment.

Judgment affirmed.