CIACCIO, Judge.
This appeal arises from a judgment of separation from bed and board finding defendant, Frank Trapani, to be solely at fault in the dissolution of the marriage. For the reasons stated, we affirm the judgment of the trial court.
The record indicates that the parties were married in 1947 and that there were three children of the marriage, all of which had reached the age of majority at the time of the separation.
On June 19, 1989, plaintiff Peggy Crawford Trapani filed for a separation from bed and board based on cruel treatment. Defendant filed an answer and reconven-tional demand seeking a separation on the grounds of abandonment and cruel treatment.
Trial was held on August 7, 1989, and on August 10, the district court, without written reasons, granted the separation in favor of the plaintiff solely based on the fault of defendant, Frank Trapani. It is from this judgment that defendant appeals.
On appeal, defendant has specified four assignments of error, the first being that the trial court erred when it found the defendant guilty of cruel treatment. Defendant argues that since there was no direct proof of adultery, he should have been found free from fault.
A party may claim a separation from bed and board “on account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them toward the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable.” Louisiana Civil Code article 138(3). Even a single instance of cruel treatment may be sufficient to justify a separation from bed and board. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir.1976).
The cruel treatment alleged by plaintiff in this case involves an incident which occurred in May of 1987 where the Trapanis' son Eddie discovered Mr. Trapani in a motel room with a woman by the name of Linda Mendoza. Eddie Trapani immedi *569 ately informed his mother of the incident. Mrs. Trapani testified at trial that she had suspicions that her husband had been “running around with other women” during the marriage. She stated that she remained in the marital home because she needed the hospitalization insurance which was provided by her husband. She further testified that the reason she finally left the domicile on June 10, 1989 was that she had learned that a woman by the name of Claire had called a hospital room looking for her husband the previous evening.
Although Mr. Trapani denied that he had engaged in an adulterous affair, the trial court apparently believed that his actions were sufficient to constitute cruel treatment under the provisions of La.C.C. art. 138(3). These findings are amply supported by the record. The trial judge was in the best position to evaluate the demean- or of the witnesses and weigh their testimony, and we find no manifest error in his conclusion.
In his next assignment, defendant argues that the trial court erred in failing to find that the parties had reconciled following the alleged instances of cruel treatment. It is well settled that cohabitation after instances of cruel treatment is usually construed as a reconciliation and condo-nation of the cruel treatment. Souza v. Souza, 428 So.2d 1204 (La.App. 5th Cir. 1983). Further, Louisiana Civil Code article 152 provides that the action of separation shall be extinguished by the reconciliation of the parties.
However, Louisiana courts have consistently held that the defense of reconciliation is an affirmative defense and the burden of proof rests on the defendant. Pace v. Pace, 144 So.2d 195 (La.App. 4th Cir.1962); Ogea v. Ogea, 378 So.2d 984 (La.App. 3d Cir.1979), writ denied, 379 So.2d 1104 (La.1980). Under the provisions of La.C.C.P. art. 1005, affirmative defenses are required to be set forth in defendant’s answer.
Our review of the record before us reveals that defendant failed to include in his answer the affirmative defense of reconciliation. Although the trial court allowed evidence to be presented at trial on this issue, we note that counsel for plaintiff objected to the testimony based on the fact that reconciliation had not been specifically pleaded in the answer. Having found no compliance with the procedural mandate set forth in La.C.C.P. art. 1005, we refuse to consider this issue on appeal. See Brumley v. Firestone Tire & Rubber Company, 459 So.2d 572, 576 (La.App. 3d Cir.1984), writ denied 462 So.2d 1267 (La. 1985).
In his final assignments, defendant contends that the trial court erred in finding that Mrs. Trapani was justified in departing the matrimonial domicile and that Mrs. Trapani was free from fault. The trial court is vested with a great deal of discretion in domestic cases. Pearce v. Pearce, 348 So.2d 75 (La.1977). Its findings on the issue of fault will not be disturbed in the absence of manifest error. Pearce, supra.
After observing all the witnesses and hearing all the testimony, the trial court obviously concluded that Mr. Trapani’s actions constituted cruel treatment, thus giving Mrs. Trapani lawful cause to leave the family home.
Upon review of the record, we find no manifest error in the trial court’s refusal to grant Mr. Trapani a separation on the grounds of abandonment. Further, we find no evidence to support defendant’s contention that Mrs. Trapani was at fault in the dissolution of the marriage. The trial judge obviously concluded that defendant had failed to sustain his burden on this issue. We find no error of the trial court in refusing to grant the separation based on fault of Mrs. Trapani. These assignments are without merit.
For the reasons set forth, we affirm the judgment of the trial court. All costs of this appeal are assessed against Frank Tra-pani.
AFFIRMED.