986 So.2d 889 (2008)
Antoinette Anderson TURNER
v.
The LAW FIRM OF WOLFF & WOLFF, Robert J. Landry, in his Capacity as Staff Attorney for the Law Firm of Wolff & Wolff, Antoine P. Turner, Dr. Sylvester J. Dileo.
No. 2007-CA-1589.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 2008.
*890 Antoinette Anderson Turner, New Orleans, LA, in Proper Person, Plaintiff/Appellant.
Myles B. Steib, Julie Anne Gardner, Julie Anne Gardner, Attorney at Law, LLC, Metairie, LA, for Antoine Turner.
Bennett Wolff, Charlsey Wolff, Wolff & Wolff, Metairie, LA, for Charlsey Wolff and Wolff & Wolff.
Gregory P. DiLeo, Jennifer B. Eagan, New Orleans, LA, for Dr. Sylvester J. Dileo.
M. Suzanne Montero, New Orleans, LA, for Robert J. Landry and The Law Office of Warren A. Forstall, Jr., Inadvertently Named the Law Firm of Forstall, Mura & Powers.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.
Plaintiff-Appellant appeals the judgment granting Appellees' exceptions and dismissing Appellant's suit with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Pro Se Appellant Antoinette Anderson Turner ("Ms. Turner")("Appellant") filed a petition for damages on May 14, 2007, alleging that Appellee Antoine P. Turner ("Mr. Turner") agreed to purchase immovable property at 6032-6034 St. Claude Street from Appellee Dr. Sylvester J. DiLeo ("Dr. DiLeo"). Ms. Turner argues that she and Mr. Turner met with Dr. DiLeo on May 23, 2006 to purchase the property; however, when Mr. Turner asked her to sign an intervention which would designate the home as Mr. Turner's separate property, she refused to proceed with the act of sale. Ms. Turner further argues that Appellee Robert J. Landry, who drafted an act of sale of the aforementioned property to a third party, is liable to her, as well as Appellee Charlsey Wolff and the law firm of Wolff & Wolff, who *891 represented Mr. Turner in the divorce action between Appellant and Mr. Turner.
Mr. and Ms. Turner were married on June 17, 2006. Dr. DiLeo ultimately sold the St. Claude Street property on August 22, 2006 to Shannon L. Jackson, Mr. Turner's daughter. A petition for divorce was filed in September of 2006 by Mr. Turner.
A hearing was conducted on September 28, 2007, regarding exceptions of no cause of action and no right of action filed on behalf of each of the Appellees.[1] At the hearing, the trial court heard arguments from Appellant and each of the Appellees. The court granted Appellees' exceptions, dismissing all Appellees from Appellant's lawsuit with prejudice. The trial court issued written reasons for its judgment on October 15, 2007. This appeal followed.

STANDARD OF REVIEW
An appellate court reviews a trial court's grant of an exception of no cause of action de novo. Philips v. Berner, et al, XXXX-XXXX, p. 11 (La.App. 4 Cir. 5/16/01), 789 So.2d 41, 48.

DISCUSSION
Appellant asserts three assignments of error: first, that the trial court's judgment granting the exceptions was clear error; second, that the trial court's judgment granting the exceptions was manifest error; and third, that the trial court's judgment granting the exceptions was prejudicial error. We consolidate these three assignments into one de novo review of the trial court's judgment.

Dr. Sylvester J. DiLeo
Appellant asserted in her petition for damages that Dr. DiLeo "engaged in the sale of the property to Shannon L. Jackson with the knowledge that plaintiff was a[sic] equal buyer and participant in the transaction," and that she experienced a loss of interest in community property. On appeal, Appellant argues that she was prejudiced by the trial court's refusal to review evidence which she attached to the petition for damages. Conversely, Dr. DiLeo submits that pursuant to La. C.C.P. art. 931,[2] the trial court properly declined to review anything other than the petition for damages.
It is well settled that the issue at the trial of an exception is whether, on the face of the petition itself, the plaintiff is legally entitled to the relief sought. See, e.g., Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). With respect to Appellant's claims against Dr. DiLeo on the face of the petition, we agree that Appellant fails to state a cause of action against Dr. DiLeo. First, Appellant stated in open court that she refused to complete the sale process; thus, by Appellant's own admission, it was Appellant, not Dr. DiLeo, who elected not to proceed with the purchase of the property:
The Court: All right. You have not alleged  Dr. DiLeo ultimately sold the *892 property so clearly, he wanted to sell the property, correct?
Ms. Turner: To Antoine and myself.
The Court: Well, I understand that.
Ms. Turner. Yes.
The Court: And what happened between Antoine and yourself
Ms. Turner: Uh-huh
The Court:  was that Antoine wanted to own the property himself and you not have any interest in it, correct?
Ms. Turner: I'm gonna disagree with that because
The Court: Well, that's
Ms. Turner: Okay
The Court:  whether you disagree or not, that's what
Ms. Turner: Yes.
The Court:  the document said, that it was gonna be his separate property, not part of the community, all right? Whether you agree or not, that's what the document said.
Ms. Turner: Okay.
The Court: Okay?
Ms. Turner: Okay.
The Court: And for that reason, Dr. DiLeo is dismissed. Prepare the judgment.[3]
As the trial court noted in its reasons for judgment, there was a written agreement to sell the property to Mr. and Mrs. Turner dated May 23, 2006 and signed by Dr. DiLeo only; however, Ms. Turner chose to not follow through with the sale process as the result of a disagreement with Mr. Turner, not a result of any action or inaction by Dr. DiLeo. Dr. DiLeo subsequently sold the property to another buyer, as he was free to do. Moreover, even if the trial court circumvented La. C.C.P. art. 931, supra, and considered the agreement, it would not change the fact that Appellant, and not Dr. DiLeo, prevented the transaction from occurring. Therefore, we find that the trial court properly dismissed Dr. DiLeo from Appellant's lawsuit.

Antoine Turner
With respect to Ms. Turner's allegations against Mr. Turner, the trial court noted the pending divorce petition between Mr. and Ms. Turner in domestic court and sustained Mr. Turner's Exception of No Cause of Action and No Right of Action pursuant to the language of La. R.S. 9:291, which provides as follows:
Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code [La. Civ.Code art. 2325 et seq.]; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.
Thus, according to the mandates of La. R.S. 9:291, any actions between spouses must be asserted in a divorce proceeding. Accordingly, the trial court concluded, after learning that the sale of the property to Mr. Turner's daughter occurred after Appellant and Mr. Turner were married, that any claims Ms. Turner wished to make against Mr. Turner should be properly asserted within the divorce action. We find no error on the part of the trial court in its determination that Ms. Turner's rights to the immovable property, if *893 any, are preserved in the divorce action.[4]

Charlsey Wolff and The Law Firm of Wolff & Wolff
Appellant originally filed suit against Charlsey Wolff and the law firm of Wolff & Wolff pursuant to La. R.S. 40:1299.39;[5] Appellant subsequently amended her petition to add allegations pursuant to La. R.S. 37:217[6] and allegations of intentional infliction of emotional distress and fraud.
As the trial court noted, Appellant did not allege (nor did Charlsey Wolff or Wolff & Wolff admit) that an attorney-client relationship ever existed between the Wolff Appellees and Appellant; rather, Charlsey Wolff and the firm of Wolff & Wolff represented Mr. Turner in his divorce action against Appellant. The trial court determined that there was thus no right or cause of action for legal malpractice by Ms. Turner against either Charlsey Wolff or Wolff & Wolff. Additionally, the trial court found that simply filing of a petition for divorce on behalf of Mr. Turner cannot be the basis for an action in fraud or intentional infliction of emotional distress. Finally, the trial court noted that the allegation pursuant to La. R.S. 40:1299.39 did not deserve comment, and sustained the Exception of No Right or Cause of Action and dismissed Appellant's claims as to Charlsey Wolff and Wolff & Wolff.
It is well-settled in Louisiana that an attorney-client relationship is a necessary element of a legal malpractice claim. See Teague v. St. Paul Fire and Marine Ins. Co., XXXX-XXXX, p. 8 (La.2/1/08), 974 So.2d 1266, 1272 (noting that "Louisiana jurisprudence provides that to establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence"). Therefore, we find no error in the trial court's grant of Charlsey Wolff and Wolff & Wolff's exceptions for lack of an attorney-client relationship.[7]
With respect to Ms. Turner's allegations of fraud and intentional infliction of emotional distress by Charlsey Wolff and Wolff & Wolff, we find that these claims also lack merit. We agree with the trial court's determination that the mere act of filing a divorce petition on behalf of Mr. Turner cannot constitute fraud;[8] likewise, Ms. Turner has not set forth allegations that would constitute a cause of action for intentional infliction of emotional distress.[9] Accordingly, we find that the *894 trial court properly dismissed Charlsey Wolff and the firm of Wolff & Wolff.

Robert J. Landry
Appellee Robert J. Landry, a notary, simply prepared the act of sale between Shannon Jackson and Dr. DiLeo and a counter letter in favor of Mr. Turner; thus, Mr. Landry also had no attorney-client relationship with Ms. Turner, nor does Appellant allege that such a relationship existed. The trial court accordingly dismissed Appellant's claims as to Mr. Landry. We find no error on the part of the trial court in dismissing Mr. Landry from Appellant's lawsuit. See Teague, supra.

Forstall, Mura and Powers[10]
Because Robert J. Landry was not liable to Appellant, Appellee Forstall, Mura and Powers cannot have respondeat superior liability for the acts of Mr. Landry. Therefore, we find that the trial court committed no error in dismissing Forstall, Mura and Powers from Appellant's lawsuit.

REQUEST FOR SANCTIONS AND DAMAGES
Appellee Wolff & Wolff's request for sanctions and damages against Appellant for abusive language and frivolous appeal is denied.[11]

CONCLUSION
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
NOTES
[1] Appellee Dr. DiLeo filed additional exceptions which were rendered moot when the trial court granted the exceptions of no cause of action and no right of action.
[2] the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.
La. C.C.P. art. 931 (emphasis added).
[3] Additionally, Paragraph 5 of Appellant's original petition for damages reads as follows: "Defendant, Antoine P. Turner, requested plaintiff to relinquish her right and interest in the purchase of said property, but she refused."
[4] As previously noted, the divorce action was filed prior to Appellant's petition for damages in the instant case. Additionally, in her brief, Appellant claims that she and Mr. Turner reconciled pursuant to La. Civ.Code art. 104; however, reconciliation is an affirmative defense, properly raised in the divorce action. See Trapani v. Trapani, 563 So.2d 567, 569 (La.App. 4 Cir.1990).
[5] La. R.S. 40:1299.39 pertains to the definitions and general application of Malpractice Liability for State Services.
[6] La. R.S. 37:217 provides for liability of an attorney for neglect and costs. Because the existence of an attorney-client relationship is lacking between Appellant and Charlsey Wolff and the firm of Wolff & Wolff, it is inapplicable to the facts of the instant case.
[7] Although unnecessary to do so, we note that any allegations with respect to La. R.S. 40:1299.39 need not be addressed, as the statute relates to public health and safety. See supra n. 3.
[8] An action for fraud consists of the following elements: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury. See Becnel v. Grodner, XXXX-XXXX, p. 2 (La.App. 4 Cir. 4/2/08), 982 So.2d 891, 894.
[9] An action for intentional infliction of emotional distress consists of the following elements: (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from the conduct. See, e.g., Bourgeois v. Curry, XXXX-XXXX, p. 14 (La.App. 4 Cir. 12/14/05), 921 So.2d 1001, 1010 (emphasis added).
[10] Appellee Forstall, Mura and Powers avers that Appellant misnamed The Law Office of Warren A. Forstall, Jr. as "The Law Firm of Forstall, Mura and Powers."
[11] At the time this appeal was filed, Appellant retained her pauperis status; if this had not been the case, we would be inclined to assess Appellees' costs associated with filing this appeal.