PAUL A. BONIN, Judge.
¡¿Teresa Hightower instituted proceedings for divorce against her husband, Shaun Schwartz, under La. Civil Code art. 102. During the rule-to-show-cause hearing, Mr. Schwartz’s counsel sought to cross-examine Ms. Hightower regarding the reconciliation of the parties. Ms. Hightower’s counsel objected to this questioning, asserting that Mr. Schwartz, had failed to notify counsel by pleading of his intention to raise, what Mr. Schwartz characterized as, the “affirmative defense” of reconciliation. Counsel for Mr. Schwartz claimed that this matter was a summary proceeding which does not require that an answer with an affirmative defense be pleaded.
The trial judge sustained the objection but permitted Mr. Schwartz to proffer any testimony concerning reconciliation by the parties. Mr. Schwartz, however, made no such proffer. The trial judge, finding Ms. Hightower entitled to a judgment under Article 102, granted the divorce. Mr. Schwartz appeals and assigns as error the trial judge’s exclusion of all testimony concerning reconciliation by the parties.
Because Mr. Schwartz did not proffer the testimony which was excluded, we find that he did not preserve the matter for our review. We accordingly affirm the judgment of divorce. We explain our finding in more detail below.
Ji
At the outset we address.an issue to which the parties gave considerable attention in their briefing, but which does not require a definitive resolution by us in this matter. That issue is whether it is necessary to raise the plea of “reconciliation” by written pleading in the Article 102 summary proceeding and, if necessary, by what pleading is the plea raised.
The parties agree, and there is no doubt, that a divorce proceeding under Article 102 is a summary proceeding. “Summary proceedings are those which are conducted with rapidity, within the delays allowed by the court, and without citation and the observance of all the formalities required in ordinary proceedings.” La. C.C.P. art. 2591. Summary proceedings may be used for trial or disposition of an issue which may be raised properly by a rule to show cause. See La. C.C.P. art. 2592(3). And Article 102 expressly provides that “a divorce shall be granted upon motion of a spouse” and that such “motion shall be a rule to show cause filed after all such delays have elapsed.” La. Civil Code art. 102. See also La. C.C.P. arts. 3951-3958 (setting forth in detail the summary procedure for an Article 102 divorce).
Replying to Ms. Hightower’s objection that the affirmative defense of reconciliation was not pleaded, Mr. Schwartz argues that an answer to a rule to show cause is “not required, except as otherwise provided by law,” La. C.C.P. art. 2593, and that an answer is the proper pleading in which affirmative defenses are set forth. See La. C.C.P. art. 1003. He cites to our decision in Watters v. Watters that “[t]he defendant is not even required to file an answer” in an Article 102 divorce proceeding. 607 So.2d 948, 949 (La.App. 4th Cir.1992). Ms. Hightower, however, contends that she is entitled to notice of, what she too characterizes, as |4the “affirmative defense” of reconciliation in order to allow her to meet that allegation with proof of her own.
“The cause of action for divorce is extinguished by the reconciliation of the parties.” La. Civil Code art. 104 (emphasis added). We have examined the jurisprudence in which the plea of reconciliation *905 was raised and, as would be expected from the historical record, almost all of the decisions typically involved ordinary proceedings for divorce.
There are some.decisions which support the parties’ view that “reconciliation” is an affirmative defense, which is ordinarily set forth in a party’s answer. See Pace v. Pace, 144 So.2d 195, 196 (La.App. 4th Cir.1962) (“[T]he courts of this state have consistently held that the plea of reconciliation is an affirmative defense and the burden of proof rests upon the defendant.”); see also La. C.C.P. art. 1003. When, however, the divorce proceeding is summary and an answer is not required, see La. C.C.P. art. 2593, it has been suggested that the plea of reconciliation, while characterized as an affirmative defense, may simply be raised during the testimony at the rule to show cause. See DeVillier v. DeVillier, 543 So.2d 1142, 1147 (La.App. 1st Cir.1989) (Lanier, J., concurring) (“However, since this is a summary proceeding, no answer is required and the affirmative defense can be presented with evidence at the trial on the merits.”).
Other decisions considered the objection by way of a peremptory exception. See, e.g., Holbrook v. Her Husband, 18 La.Ann. 643, 644 (La.1866)[1]; Hickman v. Hickman, 218 So.2d 48, 57 (La.App. 3rd Cir.1969) (Hood, J., Dissenting).[2] Under our current practice, while reconciliation is not included in the list of peremptory exceptions, the statutorily-provided grounds for peremptory exceptions are expressly not exclusive. See La. C.C.P. art. 927 A. In ordinary proceedings, “[t]he peremptory exception may be pleaded [by a party] at any stage of the proceeding in the trial court prior to a submission of the case for a decision....” La. C.C.P. art. 928 B. In summary proceedings as here, however, exceptions “shall be filed prior to the time assigned for, and shall be disposed of at, the trial.” La. C.C.P. art. 2593.
The plea of reconciliation has also been raised by a motion to dismiss. See Martin v. Martin, 151 La. 530, 533, 92 So. 46, 47 (La.1922) (“On the day the case was to be tried on the merits the defendant filed a motion to dismiss the suit, on the ground that a reconciliation had been effected.”). Because “a reconciliation between an estranged husband and wife has the effect, as well after as before the institution of suit for divorce, of destroying the complainant’s right of action,” the peremptory exception of no right of action may be appropriate at least when the Rplea of reconciliation is raised for the first time in the appellate court. Zwikel v. Zwikel, 154 La. 532, 535, 97 So. 850, 851 (La.1923) (emphasis added); see also La. C.C.P. arts. 927 A(6) and B, 2163. Without any considerable discussion, the Supreme Court in another case reversed a trial court’s overruling of a spouse’s exceptions respecting the trial court’s jurisdiction ra-tione materiae and also of no right and no *906 cause of action to a child custody rule based' upon a previously filed (and granted) joint motion to dismiss an appeal of a divorce judgment on the grounds of the parties’ reconciliation. See D’Antoni v. Geraci, 224 La. 818, 70 So.2d 883 (La.1954). And sometimes the decisions do not specify the procedural vehicle beyond noting that the plea of reconciliation was raised. See, e.g., Garrett v. Garrett, 324 So.2d 494, 495 (La.App. 2nd Cir.1975) (Appeal “[f]rom a decision below sustaining the wife’s second plea of reconciliation.”).
Regardless of the method used to raise the issue, the authorities agree-so much so that we conclude that the matter has attained the status of jurisprudence con-stante that the party which asserts the defense of reconciliation bears the burden of proving the matter.[3] See, e.g., Martin, supra; Pace, supra; Hickman, supra; Trapani v. Trapani, 563 So.2d 567, 569 (La.App. 4th Cir.1990); Turner v. Law Firm of Wolff & Wolff, 07-1589, p. 6 (La.App. 4 Cir. 6/4/08); 986 So.2d 889, 893 n. 4. Our jurisprudence also instructs us generally to construe every pleading so as to do “substantial justice.” See La. C.C.P. art. 865. And our current practice directs us particularly to treat a mistakenly designated peremptory exception or |7mistakenly designated affirmative defense as if it were properly designated. See La. C.C.P. art. 1005.
Here, of course, Mr. Schwartz did not raise the objection of reconciliation either by peremptory exception, by affirmative defense, or by any written plea before the hearing. But, even if we were to conclude that Mr. Schwartz should have filed a written pleading raising the plea of reconciliation before commencement of the hearing on the rule to show cause, that failure is not dispositive of this case because Ms. Hightower testified on direct examination that the parties had lived separate and apart continuously for 180 days “without reconciliation.”[4] Thus, Ms. Hightower “opened” the proverbial door[5] and became subject to cross-examination on that point. And “in order for a court to properly grant a decree of divorce based on the parties living separate and apart, a finding must be made [by the trial court] that the parties have not reconciled during the requisite period of time.” Whipple v. Smith, 428 So.2d 1114, 1116 (La.App. 1st Cir.1983). See also Lemoine v. Lemoine, 97-1626, p. 10 (La.App. 3 Cir. 7/1/98); 715 So.2d 1244, 1249 (“[W]e find no substantive difference between living separate and apart and failing to reconcile under La. Civ.Code art. 102.”). Consequently, because “reconciliation” is a matter relevant in a divorce proceeding and was a matter *907 to which Ms. Hightower testified on direct, she became subject to cross-examination on that point. See La. C.E. art. 611 B. Had the trial judge | ^overruled the objection, and depending upon Ms. Hightower’s response, he could have permitted amendment of the pleadings to conform to the evidence. See La. C.C.P. art. 1154.
But the trial judge sustained the objection and Mr. Schwartz did not proffer Ms. Hightower’s testimony, which circumstance brings us to our disposition of Mr. Schwartz’s appeal.
II
We begin this part by noting that the trial judge afforded Mr. Schwartz’s counsel multiple opportunities to confect proffers of the excluded testimony of not only Ms. Hightower but also Mr. Schwartz and other witnesses present at the courthouse.[6] In fact, the trial judge, upon learning that Mr. Schwartz required up to forty-five minutes of additional time, stated at the close of the hearing that he was leaving the matter in recess so that Mr. Schwartz could prepare his proffer. Thus, the trial judge was fully compliant with his obligation to permit the party offering evidence ruled inadmissible to make a complete record. See La. C.C.P. art. 1636.
Mr. Schwartz, however, did not avail himself of any of these opportunities afforded by the trial judge. Importantly, error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by counsel. See La. C.E. art. 103 A(2). “The very purpose of requiring a proffer is to preserve excluded testimony so that the testimony (whatever its nature) is available for appellate review. Without a proffer, appellate courts have no way of ascertaining the nature |3of the excluded testimony.” McLean v. Hunter, 495 So.2d 1298, 1305 (La.1986). We simply have “no way of knowing” how Ms. Hightower (or Mr. Schwartz or any of the other possible witnesses) would have testified with regards to the parties’ purported reconciliation.[7] Id. Thus, when a party fails to proffer the testimony, it is precluded from complaining about the testimony’s exclusion. Id.
We have consistently adhered to this rule and will not consider an assignment of error which complains about the exclusion of testimony or other evidence when the party failed to make its proffer or offer of proof. See, e.g., Ritter v. Exxon Mobil Corp., 08-1404, p. 9 (La.App. 4 Cir. 9/9/09); 20 So.3d 540, 546; Ohm Lounge, L.L.C. v. Royal St. Charles Hotel, L.L.C., 10-1303, p. 10 (La.App. 4 Cir. 9/21/11); 75 So.3d 471, 477.
Thus, we need not address whether, or why, the trial judge’s ruling was erroneous. Because Mr. Schwartz failed to make a proffer of the excluded testimony, he is precluded from thereafter complaining to us on appeal about its exclusion. Consequently, the only evidence before the trial judge — as well as before us on appeal — is the uncontradicted testimony of Ms. High-tower that the parties did not reconcile.
DECREE
The judgment of divorce a vinculo ma-trimonii, in favor of Teresa Hightower *908 and against Shaun Schwartz, is affirmed. All costs of the appeal are assessed to Mr. Schwartz. See La. C.C.P. art. 2164.
AFFIRMED.

. Holbrook, 18 La.Ann. at 644:
The [peremptory] ‘ exception, fairly construed, means this: Admitting the allegations of the petition, the plaintiff, by consenting to live with the defendant as his wife, has extinguished her cause of action, and, in our opinion, the defendant can insist upon the trial and decision before a trial on the merits, as, if sustained by evidence, it would dismiss the suit, there being nothing left for the Court to adjudge between the parties.

. Hickman, 218 So.2d at 57:
The peremptory exception filed by Mrs. Hickman is still pending.... Assuming for the purpose of this suit that the special defense of reconciliation can be urged by means of an exception, an assumption which is most favorable to Mrs. Hickman, then the instant suit must be considered as one which is pending on its merits and in which a special defense has been pleaded.

. Under our civilian tradition, we recognize . that "a long line of cases following the same reasoning within this state forms jurisprudence constante." Doerr v. Mobil Oil Corp., 00-0947, p. 13 (La. 12/19/00); 774 So.2d 119, 128. This concept has been explained, as follows; "[w]hile a single decision is not binding on our courts, when a series of decisions form a ‘constant stream of uniform and homogenous rulings having the same reasoning,’ jurisprudence constante applies and operates with ‘considerable persuasive authority.' ” Doerr, 00-0947, p. 14, 774 So.2d at 128.

. The transcript of the direct examination of Ms. Hightower, in relevant part, reads:
MS. HIGHTOWER'S COUNSEL: And the two of you, have you lived separate and apart continuously without reconciliation for a period of six months prior to filing your rule to show cause....
MS. HIGHTOWER: Yes.

. See, e.g., State v. Hugle, 11-1121, pp. 23-24 (La.App. 4 Cir. 11/7/12); 104 So.3d 598, 615-616 (commenting that once a party "opens the door," the witness may be cross-examined or redirected on that matter; approaching a prohibited area precludes "closing the door” to clarification by opposing counsel). See also La. C.E. art. 611.

. Mr. Schwartz’s counsel indicated to the trial judge that in addition to Mr. Schwartz there were other witnesses available in the courthouse to testify to the asserted reconciliation. Neither Mr. Schwartz nor any other witness was called to testify during the hearing.

. Reconciliation is a fact-intensive inquiry and involves a determination of the intent of both spouses. See Martin v. Martin, 151 La. 530, 539, 92 So. 46, 50 (1922).