| | | |
|---|---|---|
| **LAKEFRONT MANAGEMENT AUTHORITY** | * | **NO. 2021-CA-0102** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | * | **FOURTH CIRCUIT** |
| **J & J PARTNERS, L.L.C.** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

**\* \* \* \* \* \* \***

*SCJ*

**JENKINS, J. CONCURS IN THE RESULT WITH REASONS.**

I respectfully concur with the majority opinion. I write separately to address the appellant's request to consider the rebuttal testimony proffered at trial.

On the third day of trial, LMA sought to call three rebuttal witnesses, namely, Louis Capo, Paul Dimitrios, and Wilma Heaton. The trial court refused to hear the testimony of LMA's rebuttal witnesses, but allowed the testimony to be proffered. The trial court reasoned: 1) the subject matter of Mr. Capo's testimony was irrelevant; 2) Mr. Dimitrios testimony of what is considered a permanent improvement had already been heard; and 3) it would be improper for Ms. Heaton to testify because she was present in the court and heard the other testimony provided.

"The very purpose of requiring a proffer is to preserve excluded testimony so that the testimony (whatever its nature) is available for appellate review. Without a proffer, appellate courts have no way of ascertaining the nature of the excluded testimony." *Hightower v. Schwartz*, 2014-0431, pp. 8-9 (La. App. 4 Cir. 10/15/14), 151 So.3d 903, 907.

Upon review of the proffered testimony, I find the testimony cumulative and repetitive. The trial court did not abuse its discretion in excluding the testimony of LMA's proffered rebuttal witnesses.